# SUPREME COURT OF TEXAS.

## GALVESTON TERM, 1877.

---

### BEN R. TOWNSEND, EX'R, v. GEORGE QUINAN.

1. SET-OFF—JUDGMENT.—A surety against whom judgment has been rendered, may offset against an assignee of the judgment, whatever claims he may have purchased against the plaintiff in the judgment, in good faith, without notice of the assignment.
2. SAME—MORTGAGE.—If the assignment of a judgment was only as collateral security for a debt due from the plaintiff in the judgment to the assignee, and the defendant in the judgment has instituted proceedings to compel the allowance in offset of claims against the plaintiff, bought in good faith, in which proceedings the assignee had intervened, the assignee, after the payment of his debt, could not object to any offset which would be valid against the judgment plaintiff, nor would his purchase of the judgment, pending the proceedings, give any additional right to oppose such set-off.
3. CASE QUESTIONED.—Townsend v. Quinan, 36 Tex., 548, criticised and questioned.

APPEAL from Fort Bend. Tried below before the Hon. Livingston Lindsay.

On the 29th of October, 1859, Martin W. Townsend, in Wharton District Court, recovered judgment against M. S. Stith, for the sum of $1,568.83, bearing ten per cent. interest. Stith appealed, with George Quinan and Jackson Rust as sureties on his appeal bond. In 1864, the Supreme Court affirmed the judgment against the appellant Stith, and his sureties, with damages. May 4, 1868, execution issued from Wharton District Court against the sureties, Quinan and Rust, (Stith having died meanwhile,) and on the 13th of July, the sheriff levied on one ambulance, and three tracts of land, in the aggregate, 1,930 acres, the property of George Quinan. The amount of the execution was $3,188.08. On

(1)

the 20th July, Quinan filed a petition for injunction, alleging irregularities in the execution and levy, and that he was the legal owner and holder of certain claims against M. W. Townsend, aggregating the sum of $1,301.15, with interest from 1860 and 1861; that he had applied to M. W. Townsend, to credit the amount of these claims on the judgment, which Townsend refused to do; that he was informed and believed that Townsend was in failing circumstances, so that nothing could be made out of him by execution, and that if the execution on the Stith judgment should be suffered to run against him, Quinan, he would lose his claims against M. W. Townsend. The injunction was granted. On the 1st of December, 1868, M. W. Townsend filed a motion to dissolve the injunction, which motion the court overruled. Thereupon, on the 2d of December, he filed an answer demurring to Quinan's petition, alleging that he had no interest of any sort in the Stith judgment; that on the 15th of May, 1866, he had made an absolute transfer thereof to B. R. Townsend, executor of N. Townsend, to pay a debt due by M. W. to N. Townsend; (a copy of the transfer was attached to the answer;) that Stith was dead in July, 1868, and his estate, as he was informed and believed, insufficient to pay the just debts against it; that Quinan had only conditionally purchased the claims against him, (M. W. T.,) and had purchased them with notice of the transfer, by M. W. T., of the Stith judgment to B. R. Townsend, executor of N. Townsend.

On the same day, Mr. Harcourt, the attorney for M. W. Townsend, filed a plea of intervention for B. R. Townsend, executor of N. Townsend, deceased, which set up that on the 15th of May, 1866, M. W. Townsend, owing the estate of N. Townsend about $3,000, and the interest thereon, for the purpose of securing and providing for the payment of said debt and interest, transferred to said executor, B. R. Townsend, the Stith judgment, besides another note on one Dunlap, a copy of the instrument of transfer being given, and the same as set out in the answer of M. W. Townsend; that the

executor was then the legal owner and holder of said judgment, by reason of said transfer; that said M. W. Townsend had never paid or otherwise secured his debt due said executor, except by said transfer of said Stith judgment and Dunlap note; that Dunlap was utterly insolvent; that said transfer was made to intervenor long before Quinan obtained possession or control of the claims against M. W. Townsend, set out in his petition; that Quinan was not the legal nor equitable owner of said claims, and had not paid for them, nor obligated himself to pay for them, unless he could plead them in offset or payment of the Stith judgment; that Stith's estate was represented by Quinan as being insolvent; that by reason of the premises, Quinan and Rust were bound to pay intervenor the amount of said judgment, interest, and costs. The intervenor concludes with a prayer for citation to Rust, the other surety, and for a judgment against Rust and Quinan for the amount of the Stith judgment, interest, damages, and cost. At the March Term, 1871, Quinan filed exceptions to this intervention, because there was no allegation that he had notice of the transfer of the judgment before acquiring his offsets, and because the relief prayed for could not be granted in this suit, *i. e.*, a judgment on a judgment. Quinan also answered, under oath, denying that he had notice of the transfer of the Stith judgment before he acquired his offsets, and alleging that he acquired them in the spring of 1868, before he had any notice of the transfer. He also set up that Townsend had not procured his judgment lien on Stith's lands to be allowed and approved, and so had lost it by laches, and thereby had released Stith's sureties.

On the 20th of November, 1871, the intervenor amended, demurring to plaintiff's amendment, alleging the presentation, allowance, and approval of the Stith judgment as a privileged claim; that Quinan was aware of this when he applied for his injunction, because Quinan was the attorney for Stith's estate, which he "managed to his own notion and satisfaction;" that Quinan never paid a cent for his offsets,

and that the open account pleaded by him was not properly itemized; closing with another prayer for judgment and more damages.

The cause, by change of venue, had been transferred from Wharton to Fort Bend county, where, at the November Term, 1871, Quinan had judgment for $2,429.05, which the court credited on the Stith judgment, ordering said judgment to remain in force for Quinan's benefit, to that extent, and perpetuating the injunction. This judgment was reversed in 1872. (See 36th Texas Reports, page 548.)

December 20, 1873, defendant and intervenor filed an amendment, alleging that the cause had been unreasonably procrastinated by Quinan's false promises and the failure to hold the regular terms of the court, and stating that plaintiff had failed to comply with a certain agreement for compromise made between the parties after the reversal of the case on the first appeal; that defendant and intervenor were not bound by the same, and praying a dissolution of the injunction, with another ten per cent. damages. At the June Term, 1874, Quinan filed an amendment, alleging the utter insolvency of M. W. Townsend, then, and when the injunction was first sued out; that he was the real owner and holder, and then was, of the offsets pleaded, which he had acquired in good faith, for value, without notice of the transfer of the Stith judgment to the intervenor; that on February 1, 1873, Stith's administrator had paid on the judgment to the intervenor, $1,300; that since the last term of the court, for the first time, he had received notice of M. W. Townsend's discharge in bankruptcy in 1869; that the Stith judgment never had been unconditionally transferred by M. W. Townsend to B. R. Townsend, the intervenor, but that M. W. Townsend had only pledged or hypothecated said judgment, with the note on which it was based, to B. R. Townsend, executor of Nathaniel Townsend, deceased, May 15, 1866, as collateral security, along with other property, to secure the payment of a note for $3,300 due N. Townsend by

M. W. Townsend, June 1, 1860, with ten per cent. interest; that said note for $3,300 was the only indebtedness of M. W. Townsend to N. Townsend, deceased, up to September 3, 1869, up to which date M. W. Townsend had paid on the note, thus: July 1, 1863. $2,968.88; August 21, 1866, $20 in scrip, at 70 cents on the dollar; June 12, $57.40 in Confederate money, July 12, 1867, $390. The amendment alleged that the whole of the claim for which the Stith judgment had been pledged as collateral by M. W. Townsend to the intervenor had been fully paid, and that the said judgment did not belong to the intervenor, but to the assignee of M. W. Townsend. To this amendment the defendant and intervenor both excepted, because it presented "immaterial issues," and they denied the allegations thereof, and denied the right to enter the credits on the Townsend note. The exceptions being overruled, the case was tried, and under the charge of the court the jury found for defendants one cent and costs. The defendant appealed.

*James B. Morris*, for appellant, cited Darden v. Mathews, 22 Tex., 324; Smith v. Johnson, 8 Tex., 418; Parker v. Leman, 10 Tex., 116; Avery v. Avery, 12 Tex., 54; McKean v. Paschal, 15 Tex., 37; Mitchell v. DeWitt, 20 Tex., 299; San Antonio v. Lane, 32 Tex., 416; Roddy v. Kingsbury, 5 Tex., 152; Wright v. Daily, 26 Tex., 731; Croft v. Hicks, 26 Tex., 384; Mims v. Mitchell, 1 Tex., 443; Chandler v. Fulton, 10 Tex., 2; Bailey v. Mills, 27 Tex., 434· McGreal v. Wilson, 9 Tex., 426; Lee v. Hamilton, 12 Tex., 413; Yarborough v. Tate, 14 Tex., 483; Patton v. Gregory, 21 Tex., 513; Bradshaw v. Mayfield, 24 Tex., 482; Hagerty v. Scott, 10 Tex., 525; McKinney v. Fort, 10 Tex., 220; Sayles's Prac., sec. 598; Paschal's Dig., art. 1464; Cobb v. Beall, 1 Tex., 342; Crozier v. Kirker, 4 Tex., 252; Wells v. Barnett, 7 Tex., 584; Gay v. McGuffin, 9 Tex., 501; Long v. Steiger, 8 Tex., 461; Davidson v. Edgar, 5 Tex., 492; Gamage v. Trawick, 19 Tex., 58; Sheffield v. Gordon, 34 Tex., 530.

*P. E. Peareson,* for appellee, cited Tucker *v.* Brackett, 28 Tex., 340; Edrington *v.* Allsbrooks, 21 Tex., 188; Eccles *v.* Daniels, 16 Tex., 136; 2 Hill on Mort., 535; Ross *v.* Mitchell, 28 Tex., 150; Todd *v.* Caldwell, 10 Tex., 241; Dunlap's Paley on Ag., 290, p. 2, sec. 6; Hassell *v.* Nutt, 14 Tex., 266; Vaughan *v.* The State, 21 Tex., 752; Hollingsworth *v.* Holshousen, 17 Tex., 47; Butterworth *v.* Kinsey, 14 Tex., 502; San Antonio *v.* Lewis, 9 Tex., 71; 1 Hill on Mort., 473; 2 Hill on Mort., 535, 536; Frizzell *v.* Johnson, 30 Tex., 31; Simpson *v.* Huston, 14 Tex., 476; Duncan *v.* Magette, 25 Tex., 250; Knight *v.* Holloman, 6 Tex., 153; Durst *v.* Swift, 11 Tex., 279; Thompson *v.* Cartwright, 1 Tex., 87; Hatcher *v.* Pelham, 31 Tex., 202; Brady *v.* Hancock, 17 Tex., 362; Hollis *v.* Border, 10 Tex., 363; Duncan *v.* Bullock, 18 Tex., 544.

MOORE, ASSOCIATE JUSTICE.—This is the second time this case has come before this court at the instance of appellant. When here on the former appeal, the court held that the petition of Quinan, the plaintiff in the court below, did not disclose equities entitling him to the relief for which he prayed; that he should have averred the absolute insolvency of the defendant, Martin W. Townsend; and that he, Quinan, had not merely "acquired" the offsets upon which the action is brought, but had bought and paid for them before he had notice of the assignment of the judgment, and, therefore, the defendant's motion to dissolve the preliminary injunction should have been sustained. And even had these averments been made and proved, if the assignment was made in good faith and for a valuable consideration, the court seems to hold, if no laches was imputable to the assignee, B. R. Townsend, Quinan's offsets would not be available to him, though he had no notice of the transfer of the judgment at the time he acquired them.    (36 Tex., 548.)

After the case was remanded to the District Court, both the plaintiff and intervenor, B. R. Townsend, amended their pleadings, so that when the case came to trial for the second

time, it presented altogether different issues from those upon which it had been previously determined.

The plaintiff, in his amended petition, alleges that he was the owner and holder of the offsets described in his original petition; that he had acquired them in good faith for value, without notice of the transfer of the Stith judgment to intervenor; that said Martin W. Townsend was then, and when said injunction was granted, utterly and hopelessly insolvent; that since the last term of the court he had learned, for the first time, that said Townsend had been discharged in bankruptcy in the year 1869; that said judgment against Stith, Rust, and himself had never been unconditionally transferred to B. R. Townsend, but had, in fact, been only pledged or hypothecated, with the note on which it was based, to the intervenor, B. R. Townsend, the executor of N. Townsend, deceased, on the 15th of May, 1866, as collateral security, along with other property, to secure the payment of a note for $3,300, due to N. Townsend by said Martin W. Townsend, June 1, 1860; that various payments have been made on the debt thus secured; that the entire amount of the same had been discharged; and that said judgment then belonged to the assignee in bankruptcy of said Martin W. Townsend. He also alleged that on the 1st of February, 1873, Stith's administrator had paid to the intervenor, B. R. Townsend, on said judgment, the sum of thirteen hundred dollars.

The jury to whom the case was submitted on the issues made by the amended pleadings, rendered a verdict, for the second time, in favor of the plaintiff. And we are clearly of opinion, that it cannot be said that the evidence before them does not warrant or support their conclusion.

The generality of the assignments of error, as we have had occasion to complain in respect to quite a number of the records upon which of late we have had to pass, would justify our refusing to examine them. But waiving objection to them on this account, it is believed, if it is conceded that there are errors in some of the rulings of the court to which they

refer, such errors are altogether immaterial to the proper determination of the case. For instance, if it was admitted that the motion to dissolve the injunction should have been sustained, certainly no injury can be said to have been sustained by appellant by the ruling of the court, unless he was in some way interested in the judgment, and had suffered damage by such ruling; and if we admitted that Chandler's authority to give the credit which he entered upon Martin W. Townsend's note to N. Townsend, was not properly or satisfactorily shown, how could that fact have affected the determination of the case, when it appears that appellant, B. R. Townsend, has himself acknowledged and allowed the same credit?

We, by no means, are to be understood as intimating that the rulings of the court, when the case was formerly here, would have received our concurrence, if it was necessary for us to pass upon the questions upon which the judgment was then reversed. But, conceding that they are entirely correct, and admitting that the instructions of the court to the jury may not have been, in all respects, strictly accurate, and that the issues upon which the cause should have turned were not presented to them, still, we think it clearly appears that no other result than that reached by the court below could have been properly attained, or would have been warranted on the evidence by the former decision, even if the instructions given to the jury had been, in all respects, strictly accurate.

Admit, for instance, that the equity of the assignee of a judgment is superior to that of a surety, to set off debts which he has acquired against the insolvent plaintiff in such judgment, without notice of its transfer, and that the fact that the transfer of the judgment was not absolute, but merely as a security for a previous indebtedness from the plaintiff to the assignee, in no way weakens his equity, it cannot be questioned that, when the debt thus secured is paid, the assignee can make no objection to the offsets which the plain-

tiff in execution could not himself make ; and it is certainly too obvious for discussion that, after Quinan had brought this suit to set off against the judgment his demands against M. W. Townsend, and B. R. Townsend had made himself a party to this suit, the latter could not, by purchasing the judgment, acquire any stronger equity against Quinan than he previously had. Conceding, then, as appellee did, in deference to the previous decision of the court, that B. R. Townsend was entitled to have his debt against M. W. Townsend satisfied, in preference to his right to credit for the amount of his offsets, still, it must be admitted that the subsequent absolute purchase of the judgment did not give intervenor a right to any other or greater privilege than he had when he made himself a party to the suit. He purchased, if we may so use the term, Martin W. Townsend's equity of redemption in the judgment. But, by this suit, Quinan had acquired a priority of right to this equity of redemption. A court of equity would, therefore, require the purchaser to account for and apply whatever should come into his hands on the judgment, after payment in full of the debt for which it was previously pledged to him, to the discharge of the debts sought to be offset against it at the time of his purchase.

We think the fair inference, from the evidence, is, that the $1,020, paid by B. R. Townsend to the assignee in bankruptcy of Martin W. Townsend for the securities transferred to secure his debt, together with the dividends which he received out of the other assets of the bankrupt, paid the balance due him on this debt. If so, he was only entitled to a priority over Quinan for the amount of $1,020 and interest; and this seems to have been paid by the thirteen hundred dollars in cash, paid him by Stith's administrator. If his debt was thus paid, then Quinan was justly entitled to have his claims offset against the balance of the judgment; and if these claims, together with said sum of thirteen hundred dollars, are equal to the amount due upon it, as we suppose

they are, appellant has no cause to complain of the judgment. If they are not, or if his debt against Martin W. Townsend has not, as we infer, been paid in full, an exception should have been taken, plainly pointing out the error in this particular. As this has not been done, this court is not called upon to enter into a calculation to ascertain whether or not the jury may have made an improper or erroneous computation of these different sums.

There is no error in the judgment of which appellant has any cause to complain, and it is therefore affirmed.

Affirmed.