OPINION of the Court, by
Judge Owsley.
-Davidson having an obligation on David Swanks for nine hundred and fifty gallons of whiskey, sold arid assigned the same to Geoghagan, for which he was to receive in cash down two and six pence per gallon. Geoghagan, upon receiving the obligation, although Davidson, before the contract was made, refused from him three shillings per gallon for the whiskey in his own paper. r -t i > c i i , J ,; 1 ’ iaued and refused to pay down the money according to the terms of the contract, but tendered to Davidson in payment a credit upon an obligation previously given by Davidson to Henry Shroider, and by Shroider assigned to Geoghagan. Davidson would not accept of the credit, and brought suit to recover against Geogha-gaa the amount agreed upon for the wliisTcey. During the pendency of the suit Davidson, in consideration of á bona fide debt by him owing to John M’Kim, junior, assigned the benefit of the demand upon Geoghagan to M’Kim. '
On the trial of this suit verdict and judgment were obtained in favor of Davidson for 395 dollars 83 cents arid costs. Previous, however, to this judgment being obtained against Geoghagan, he had obtained a judgment in the same court for 375/. 15.s. 2d. debt, iritere«t and costs, against Davidson, on the obligation which he held as the assignee of Shroider, and upon which Davidson had refused to receive a credit. At the same term judgment was obtained against Geoghagan. Upon his motion the court ordered so much of the judgment which he had obtained against Davidson as is equal to *234 the amount recovered against him, to be setoff against that judgment.
Whether, therefore, the court decided correctly in ordering the setoff, is the only question in this cause.
The statute authorising setsoff being only applicable to cases before judgment, cannot control the decision of* this question. It must be determined by the common law powers of courts to direct one judgment tobe setoff against another. This power, if it exist at all, (and that it does, we shall hot controvert) should not be exercised under circumstances repugnant to the principles of equity ;* and if those principles are applied to the case under consideration, it will evidently result that the court erred ⅛ ordering the setoff. . It is true courts of equity have, under peculiar circumstances, exercised jurisdiction in decreeing one account to be setoff against others ; but those cases are mostly where, from the circumstances, an agreement to set the one off against the other will be inferred, or where there exists such an intijnate connection between the accounts as renders such a setoff peculiarly proper. But qo case has been found, and it is believed none such exists, where courts of chancery or courts of law (when exercising their common law powers only) have interposed and ordered accounts or judgments to be setoff to the prejudice of a bona fide assignee ; whereas, in the present case no-connection exists between the judgments or accounts to *235 setoff, and where too it is plain by the contract of • * ’ - ... be the parties, the one demand was not to be received in payment of the other.
We are of opinion, therefore, the court below decided erroneously, under the circumstances of this case, in ordering the one judgment to be setoff against the other. The j udgment must be reversed with costs.

 The fetting off one judgment againfi: another, does not depend upon the flatutes of fetoff, but upon the general jurifJiílíon of the court over fuitors j it is a part of their equitable jurifdiélion —-Mitchell vs. Oldfield, 4 Term Rep. 123—Glaifler vs. Hewer, 8 Term Rep. 69. Vide Randle vs. Fuller, 6 Term Rep. 456—Moorland vs. Losbley, 2 Hen. Black. 441—Clewlow vs. Lowe, 2 Barnes 102—Tito vs. Dutby, 2 Strange 1203.
Rule for fetoff made abloiute in the following cales : Barker vs. Braham, 2 Black. Rep. 869-Barnes vs Crafter, same 826—Schoole vs. Noble, 1 Hen. Black. 23-Nunez vs. Modigliari, same 217—O'Connor vs. Murphy, same 657-Vaughan vs. Davis, 2 Hen. Black. 440—Dennie vs Elliott and Hill, same 587-Glaifter vs. Hewer, 8 Term Rep. 69—Hall vs. Odie, 2 Bos. and Pull. 29.
See also Scoffin vs. Roberts, 2 Barnes 128 (145)—Roberts vst Biggs, 2 Barnes 146— Sayer on Colts, ch. 40, p. 252—Bull. N, P. 336.
From thefe cafes it ieems now to be the fettled pradHcc to ietoff one judgment againft another, whether for debty damages or coils. In the Common Bench they permit the cofis in crofs actions to be fet off without any regard to the attorney's líen for his cofts: in the King’s Bjench they permit the Jttdff fubjeft to the attorney’s lien for his cofis.
For the praélice and forms of the rules in such cafes, fee Tyd’s K. B. 679, 408—1 Cromp. 160—Bull. N. P. 336, Mordicai vs. Nutting, and Wills vs. Crab.