CASE 34—PETITION ORDINARY—OCTOBER 14.

# Pheiffer, &c. v. Harris.

APPEAL FROM JEFFERSON COURT OF COMMON PLEAS.

1. THE RIGHT TO SET OFF JUDGMENTS AGAINST EACH OTHER is not affected by the provision of section 31 of the Civil Code, that an assignment of a thing in action (with certain exceptions) shall not prejudice any discount, set-off, or defense allowed by law, as it has application only to discounts, set-offs, and defenses asserted pending the action by the assignee.

2. SECTION 407 OF THE CIVIL CODE REGULATES THE RIGHT TO SET OFF JUDGMENTS, and it can be exercised only in cases where the legal and equitable rights of all those interested in both judgments can be respected and upheld. It will not be exercised to the prejudice of a *bona fide* assignee.

3. Pending an action on a note the plaintiff assigned for value his claim, and when judgment was obtained the assignment was filed. The defendant then moved to set off against the judgment a judgment against the plaintiff which had been assigned to the defendant after the plaintiff's assignment of his claim, but before the defendant had notice thereof. *Held*, that the court should have refused to make the set-off.

ROZEL WEISSINGER, . . . . . . . . For Appellants,

CITED

Civil Code, sec 407.

Waterman on Set-off, secs. 313, 331, 333, 343, 344.

6 Dana, 305, Merrill v. Souther, &c.

5 B. Mon. 76, Tenant's heirs v. Marmaduke.

4 J. J. Mar. 75, Palmateer v. Meredith.

3 Bibb. 233, Davidson v. Geoghagan.

6 B. Mon. 119, Jeffries v. Evans.

4 Hill (N. Y.) 559, Graves v. Woodbury.

10 Paige Ch'y, 375, Gay v. Gay.

LOUIS NAHM, . . . . . . . . . . . For Appellee,

CITED

Civil Code, section 407.
Story's Eq. secs. 1040, 1046, 1057.
1 Bailey, 599, Talbert v. Harrison.
3 Watts, 78, Burns v. Thornburgh.
4 J. J. M. 75, Palmateer v. Meredith.
6 B. Mon. 119, Jeffries v. Evans.
7 Cowen, 480, Turner v. Satterlee.
6 Serg. & R. 448, Jacoby v. Guier.
2 Blackstone, pp. 389, 397.
14 Conn. 141, Vanbuskirk v. Hartford.
35 Maine, 52, Buck v. Swasey.
16 Vermont, 558, Campbell v. Day.
26 Vermont, 198, Loomis v. Loomis.
25 Vermont, Ward v. Morrison.

JUDGE LINDSAY DELIVERED THE OPINION OF THE COURT.

Pheiffer sued Harris on a promissory note for the sum of $500. Harris made defense, and pending the litigation—to wit, on the 7th of November, 1874—Pheiffer assigned the claim to A. E. Wilson, in payment of a subsisting debt the latter held against him. On the 11th of this same month judgment was rendered against Harris for the sum of $250. On the 14th he moved for a new trial, and on the same day the assignment of the claim to Wilson was filed with the papers of the case. On the 28th the motion for a new trial was overruled, and immediately thereafter Harris, upon written grounds, moved the court to set off against this judgment a judgment and execution rendered and issued in the same court in favor of Werne against Pheiffer, which had been for a valuable consideration transferred and assigned to him by Werne. This assignment seems to have been made on the 14th of November. Wilson and Werne were made parties to the motion. Upon hearing the court below allowed the set-off, except as to $50, the amount due to Wilson as attorney for Pheiffer in the action against Harris. To reverse this order Wilson and Pheiffer prosecute this appeal.

According to section 407 of the Civil Code of Practice,

VOL. XI.—27

"judgments for the recovery of money may be set off against each other, having due regard to the legal and equitable rights of all persons interested in both judgments."

It is admitted that Pheiffer is insolvent, and that when Harris purchased Werne's judgment he had no notice of the assignment by Pheiffer to Wilson.

Proceedings to set off one judgment against another are not in every respect similar to those to set off independent and disconnected claims in actions before judgment. Section 31 of the Civil Code provides that in case of an assignment of a thing in action, except bills of exchange, promissory notes placed upon the footing of bills of exchange, common orders and checks, the action by the assignee shall be without prejudice to any discount, set-off, or defense allowed by law. But the language of this section confines its application to discounts, set-offs, and defenses asserted pending the action by the assignee. It does not purport to and does not affect the right to set off judgments against each other. This right is regulated by section 407, heretofore quoted. It can only be exercised in cases in which the legal and equitable rights of all those interested in both judgments can be respected and upheld. It will not be exercised to the prejudice of a *bona fide* assignee. (Davidson for McKim v. Geoghagan, 3 Bibb, 233.)

Wilson is a *bona fide* assignee, and was in equity the owner of the judgment against Harris when it was rendered. It is perfectly clear that if Harris had bought the judgment from Werne with notice of Wilson's claim he could not have made it available as a set-off against it, either at law or in equity. His want of notice does not in our opinion improve his position. The right to use against an assignee debts due by the assignor and purchased before notice of the assignment is a statutory right, and the statute does not provide that it may be enforced after judgment. In this case Wilson is the equitable owner of the judgment against Harris, and Harris the equit-

able owner of the judgment against Pheiffer. Neither party can claim to hold a legal advantage over the other. If, under such circumstances, a court of law has jurisdiction to act at all (a question we do not decide), it certainly can not afford relief which the chancellor would deny. As Harris can not have relief without disregarding the rights of Wilson, whose equities are superior to his, in point of time at least, and who has acted in the transaction with equal good faith, his motion should have been overruled.

The order appealed from is reversed and the cause is remanded for a judgment consistent with this opinion.