## MARTIN S. MATTINGLY v. JAMES W. SLAUGHTER.

**Partnership—Set-Off.**

Where the individual members of a partnership are liable to an administrator on a constable's bond, and the partnership as such hold a claim against such estate, the one claim may be set off as against the other. It can make no difference that the claim of the administrator is against individual members of the firm.

### APPEAL FROM DAVIESS CIRCUIT COURT.

April 20, 1880.

OPINION BY JUDGE HINES:

J. M. Mattingly and Geo. D. Mattingly, partners under the firm name of J. M. Mattingly & Son, brought suit against the administrator of McKee on an account due from McKee to the firm, and pending the suit, March 10, 1876, transferred for valuable consideration, by written endorsement on the petition, the claim to appellant, Martin S. Mattingly. Suit progressed in the name of Mattingly & Son, judgment was obtained against the estate and execution returned "no property." Appellant then instituted this suit against the administrator of McKee and the surety in his administration bond, charging a devastavit. The answer of the administrator denies a wasting of the estate and pleads a set-off, which he claims to arise out of the following state of facts: That there came to the hands of the administrator a number of small accounts, which were by him placed in the hands of one, Stinnell, constable, for collection; that J. M. Mattingly and Geo. D. Mattingly were sureties on the bond of the constable; that the constable failed to collect and pay over the said claims; that after demand made of Stinnell, and after the assignment to appellant of the claim sued on, appellee, as adminisrator, brought suit against Stinnell and his bondsman, Geo. D. Mattingly (J. M. Mattingly having died in the meantime) and obtained judgment, which he asks to have set off against appellant's demand. It further alleged and showed that the liability of Stinnell and the sureties on his bond, J. M. and Geo. D. Mattingly, had accrued before Mattingly & Son had assigned the claim against McKee's estate to appellant. The time within which the constable should have collected or accounted for the claims placed in his hands by the administrator of McKee had expired, and demand had been made of the constable by the administrator.

The liability of Stinnell, J. M. & Geo. D. Mattingly, to the administrator of McKee was joint and several, and subsisting at the time

the assignment was made by Mattingly & Son to appellant.   The principal and the sureties were each and all liable to the administrator for the claims in the hands of the principal, and unaccounted for.   The fact that the claim was against J. M. & Geo. D. Mattingly upon an individual liability assumed by each, instead of upon a partnership liability, can make no difference.   In either case they are both jointly and severally liable for the default of the constable. Section 377 of the code, which provides for the setting off of judgments, the one against the other, having due regard to the equities of the parties, does not apply to a case like this.   That provision of the code appears not to have been intended to apply to cases where there was no right of set-off at the time of the assignment or at the time of the notice of the assignment, but to cases where the party pleading the judgment acquired his rights subsequent to the institution of the action in which he proposes to plead it.

The case of *Pheiffer v. Harris,* 11 Bush 400, is a case where the right to set-off did not exist at the time of the institution of the action, or at the time the assignment was made, and is not then conclusive of this case.   The legal right to a set-off as against the individual members of the partnership cannot be defeated by reducing the claim against the members of the partnership to judgment, nor by the death of one of the partners before judgment.   Appellant stands in the same attitude as his assignors would have stood if there had been no assignment of the claim and no dissolution, by death, of the firm of Mattingly & Son.   If that firm had remained intact and the administrator had obtained judgment against Geo. D. Mattingly on the constable's bond, omitting to sue J. M. Mattingly, the plea of set-off would have been good in equity as against the partnership claim of Mattingly & Son, because of the joint and several liability of the members of the firm, and because if Geo. D. Mattingly had been compelled to pay the whole of the judgment against the constable he would have been entitled to contribution against his partner, J. M. Mattingly.   This liability of the members of the firm of Mattingly & Son is independent of the solvency or insolvency of the constable.   That is a matter of no concern to the administrator.   He has the right to look to any or all of the parties to the bond, as he may elect.

Judgment *affirmed.*

*Riley & Walker, for appellant.*

*R. H. & E. P. Taylor, for appellee.*