No. 12,083.

BEARD v. PUETT ET AL.

JUDGMENT.—*Set-Off.*—*Equity.*—It is only when equity and good conscience require it that a court can order one judgment to be set off against another.

SAME.—*Husband and Wife.*—*Assignment of Judgment to Wife to Reimburse Her for Money Advanced to Prosecute Action.*—Where a husband assigns a judgment to his wife to reimburse her for money advanced to him to aid in the prosecution of the action in which it was obtained, the judgment defendant can not, in an action subsequently brought for that purpose, off-set judgments held by him against the husband against the judgment so held by the wife.

From the Montgomery Circuit Court.

*T. E. Ballard, M. E. Clodfelter* and *A. D. Thomas,* for appellant.

*V. Carter, G. W. Paul* and *J. E. Humphries,* for appellees.

NIBLACK, C. J.—On the 27th day of May, 1881, Jacob Beard recovered a judgment, in the Montgomery Circuit Court, in an action for an assault and battery against Elisha A. Puett, Samuel D. Puett and Johnson R. Darroch, for the sum of $500 and costs of suit since taxed at $239.35. At the time of the rendition of that judgment the judgment defendants were the owners and holders, by assignment, of certain judgments, theretofore rendered against Beard, which, in the aggregate, amounted to more than the judgment in favor of the latter against them. Immediately after the entry of the judgment first above referred to, Thomas, Shelton and Courtney, Beard's attorneys, filed liens against it for the fees respectively claimed by them for obtaining the judgment. On the same day, that is, on the day the judgment was rendered, Puett and others, the judgment defendants in that judgment, filed the complaint upon which this action has been prosecuted against Beard, demanding that the judgments held by them by assignment, as above set forth, be set off against his judgment so obtained against them. Thomas, Shelton and Courtney were also made defendants to

answer as to their interests in Beard's judgment. On the 8th day of June, then immediately ensuing, Beard assigned his judgment to Olivia Beard and she was soon afterwards, on her own application, made a party defendant to this proceeding. She thereupon resisted the proposed set-off of judgments upon the ground that she had supplied her codefendant, Jacob Beard, with the means necessary to prosecute his action for damages, with the agreement and understanding that the judgment when obtained was to belong and to be assigned to her. Upon a hearing the circuit court declined to grant the relief demanded and rendered judgment accordingly. So much of that judgment as was operative in favor of Olivia Beard was reversed by this court. See Puett v. Beard, 86 Ind. 172 (44 Am. R. 280).

After the cause was remanded, Mrs. Beard amended her answer by averring that at the time she furnished Jacob Beard the means to prosecute his action, she was, and had ever since continued to be, his wife. At the ensuing, or last, trial, the circuit court made a special finding of the facts, which, amongst other things, found that at the time Jacob Beard commenced his action against the plaintiffs herein he was destitute of means to prosecute it effectively, and was then, as he had ever since continued to be, wholly insolvent and destitute of means; that Mrs. Beard advanced to, and furnished, him about the sum of $200 to enable him to prosecute his action to a successful termination, being at the time, as she still continued to be, his wife, and being in that way interested in his estate; that the plaintiffs herein had, in the meantime, paid and discharged the liens held upon the judgment against them by Thomas, Shelton and Courtney respectively, but there was no finding as to whether there were any terms or conditions, as to the ultimate ownership of the judgment which might be obtained, connected with Mrs. Beard's advances to her husband to enable him to prosecute his action against the plaintiffs as averred in her answer. Neither was there any finding as to when process was issued

against, or served upon, Jacob Beard in this proceeding, nor as to whether Mrs. Beard had become a party to defend herein when the judgment was assigned to her.

As resulting from the facts as found by it, the circuit court came to the conclusion that so much of the judgments held by the plaintiffs as was necessary for the full discharge of the balance due on the judgment recovered by Jacob Beard, ought to be set off against, and applied in satisfaction of, that judgment, and it was, in consequence, so ordered and adjudged by the circuit court.

At the former hearing the material defect in Mrs. Beard's defence was held to be, that, in the absence of an averment and proof that she was the wife of Jacob Beard, no privity with him, either of person or estate, could be presumed, and that hence the alleged agreement upon which she furnished the latter money to prosecute his suit, was champertous and void.   But, as has been seen, Mrs. Beard's answer has been amended in that respect, and it was specially found at the last trial that she was, at the time she furnished the money, as she still continues to be, Jacob Beard's wife.

The opinion promulgated at the former hearing referred to makes it the law of this case, as it doubtless is as applicable to other cases, that a court can only order one judgment to be set off against another when equity and good conscience require that such a set-off shall be made, and the only question now presented is, who, upon the facts as found at the last trial, holds the superior equity in the judgment in controversy?

If the circuit court had found that the advancements of money made by Mrs. Beard were upon an agreement with her husband that she should become the owner of the judgment which might thereby be obtained, no serious question could be made, as we believe, upon her superior equity.   But, even in the absence of such a finding, we feel constrained to accord to her upon the facts which were specially found the su-

perior equity, standing as she does in the relation of assignee of the judgment. There is a privity of person between husband and wife, and, to a limited extent at least, a privity, that is to say, a common interest in the estates of each other. As in other cases of persons between whom a privity of person exists mutual and reciprocal relations are imposed. A wife may assist her husband, as the husband may the wife, in redressing wrongs either to his person or to his property, and, at her option, may seek reimbursement for such assistance by any legitimate means.

When Mrs. Beard advanced money to her husband to enable him to prosecute his action, whether in obedience to what she considered to be only a plain duty, or upon some special agreement for her indemnity, she acquired the right to be reimbursed out of his estate whenever means for that purpose became available. The assignment of his judgment by Jacob Beard to his wife was consequently nothing more than an effort on his part to give her a preference as one of his creditors. Conceding, but not deciding, that the commencement of this proceeding by the appellees before the assignment of the judgment might, by reason of their greater diligence, have conferred upon them the better claim to an appropriation of the judgment, there was, as has been intimated, nothing found by the circuit court from which it can be inferred that this was, in legal contemplation, a pending proceeding as either against Jacob Beard or his wife when the judgment was assigned to her. There was, therefore, nothing in the facts attending the transaction as they presumably existed to prevent Jacob Beard from giving a preference to his wife as one of his creditors. Having thus in a legitimate way been made the assignee and holder of the legal title to the judgment, Mrs. Beard's claim to its equitable ownership became at once the prevailing claim.

The judgment below is reversed with costs, and the cause is remanded with instructions to the circuit court to re-state

its conclusions of law in accordance with this opinion, and to render judgment upon the conclusions of law thus re-stated in favor of Olivia Beard, the appellant.

Filed Jan. 26, 1886.