Filed May 12, 1886.

---

### No. 12,567.

### FRYBARGER ET AL. *v.* ANDRE.

JUDGMENT.—*Equitable Assignment.*—*Set-Off.*—Where, for a valuable consideration, the owner of a judgment sells and attempts to assign it upon the record, but by mistake makes the assignment upon the wrong record, there is an equitable assignment, and the assignee may have the judgment set-off against one held by the judgment debtor against him.

SAME.—*Good Faith.— Weight of Evidence.—Practice.*—Where the evidence as to whether the assignment of a judgment was made in good faith is conflicting, the finding will not be reversed on appeal.

PRACTICE.—*Errors as to Evidence.—Motion for New Trial.—Supreme Court.*— Errors in the admission or exclusion of evidence must be presented by a motion for a new trial, or they will not be considered on appeal.

From the Fayette Circuit Court.

*B. F. Claypool, J. H. Claypool* and *C. Roehl,* for appellants.

ZOLLARS, J.—In 1876, Caldwell & Co. recovered a judgment against appellant Frybarger in the Fayette Circuit Court.

On the 16th day of April, 1878, Frybarger recovered a judgment in the same court against appellee for $500, upon which his, Frybarger's, attorneys filed liens for $175.

On the 31st day of May, 1878, Frybarger assigned $225 of the judgment to one Robert E. Fleming. The assignment was properly made upon the record of the judgment, and attested by the clerk. Fleming was not present when the assignment was made to him, and at that time had no knowledge that it was so made. Immediately upon the assignment being made, the clerk of the court, by letter, notified him of the assignment. He retained the letter until the 14th day of January, 1881, when he returned it to the clerk with an order written thereon, instructing the clerk to pay to Mr. J. N. Huston, for the benefit of Frybarger, the amount that might be collected on the judgment. This order and instruction was given without any previous arrangement or knowledge on the part of Huston. Frybarger was at that time indebted to Huston, but in what amount is not shown. Frybarger was an inmate of the Soldiers' Home, at Dayton, Ohio, but was temporarily absent at the time the assignment of the judgment was made by him. It does not definitely appear who Fleming was, but there is evidence tending to show that he was also in some way connected with the Soldiers' Home. At the time of, and subsequent to, the assignment, Frybarger

stated that he was indebted to Fleming, and was making the assignment for the purpose of procuring the erection of a monument after his death.

In October, 1880, for a valuable consideration, Caldwell & Co. sold to appellee their said judgment against Frybarger, and attempted to assign it upon the records. By mistake, they made the assignment upon the record of another and different judgment. In pursuance of the sale, and to rectify the mistake, they made an assignment upon the record of the judgment sold, in February, 1881. In December, 1880, appellee paid to the attorneys the amount of their liens upon the judgment of Frybarger against him. This is the case, substantially, as made by the evidence.

Making Frybarger, Fleming and Huston defendants, appellee commenced this proceeding for the purpose of having set off against the balance of the judgment of Frybarger against him, an equal amount of the Caldwell judgment, which he held by assignment as above stated.

He alleged in his complaint, that the assignment by Frybarger to Fleming was made without Fleming's knowledge, and without any consideration whatever, and for the purpose of defrauding Frybarger's creditors, he being at that time largely indebted and insolvent.

The court below found that the assignment to Fleming was without any consideration; that the sale and attempted assignment of the Caldwell judgment to appellee in October, 1880, operated as an equitable assignment thereof, and that as that assignment was prior in time to the order by Fleming in favor of Huston, the equities in favor of appellee were superior to those in favor of Huston, and accordingly adjudged and ordered that an equal amount of the Caldwell judgment so assigned to appellee should be set off against the Frybarger judgment against him.

The sale and attempted assignment by writing of the Caldwell judgment to appellee in October, 1880, we think, operated as an equitable assignment of that judgment to him.

*Wood* v. *Wallace,* 24 Ind. 226; *Scobey* v. *Finton,* 39 Ind. 275; Freeman Judg., section 422.

The evidence that the assignment to Fleming was without consideration, is not strong, but the circumstances under which the assignment was made, and the fact that he made the order in favor of Huston for the benefit of Frybarger without any kind of negotiation or understanding with Huston, afford some evidence tending to show that the assignment to Fleming was without consideration, and that notwithstanding the formal assignment to him, Frybarger still remained the owner of the judgment. Therefore, under the well settled rule, that this court will not reverse a judgment upon the evidence, where there is evidence tending to sustain the verdict or finding below, we can not reverse the finding and judgment of the court below upon the question of the *bona fides* of the assignment of the judgment to Fleming.

We must assume, therefore, for the purposes of this decision, that Frybarger, notwithstanding the assignment of the judgment to Fleming, remained the owner of the judgment against appellee. Therefore, when appellee became the equitable owner of the Caldwell judgment against Frybarger, in October, 1880, he became equitably entitled to have it set off against the Frybarger judgment against him. See, as bearing upon this question, *Beard* v. *Puett,* 105 Ind. 68; *Butner* v. *Bowser,* 104 Ind. 255, and cases there cited.

It is not shown that Huston in any way acted upon the faith of the records, nor that he parted with anything or paid any consideration whatever for the order of Fleming to the clerk to pay the amount of the Frybarger judgment to him when collected. The court below, therefore, we think, ruled correctly in holding that the equities in favor of appellee were superior, as they were prior in time, to any equities in favor of Huston.

We can not pass upon the questions discussed in appellants' brief, as to the inadmissibility of portions of the evidence and the order of its admission below for the reason,

that those questions were not presented by appellants' motion for a new trial. Had these questions been properly saved, they would challenge consideration.

The record as brought here presents no error for which this court would be justified in reversing the judgment.

Judgment affirmed, at appellants' costs.

