GULF, COLORADO & SANTA FE RAILWAY COMPANY
v. WOOTEN & KIMBROUGH ET AL.

No. 950.

1. **Assignment of Claim of Damages for Personal Injuries—Compromise.—** A claim of damages for personal injuries is not assignable before suit brought thereon. Where the assignment is so made, its filing, after suit brought, with the clerk of the court and being noted on the trial docket so as to give defendant notice thereof, as required by article 2464a, Sayles' Supplement (Act of March 26, 1889), is of no avail, and a subsequent compromise and settlement of the claim in full with the assignor (plaintiff) by the defendant will not render defendant liable to the assignee for the claim, or any part of it so assigned.

2. **Same—Fraud of Agent.—**Fraud of the agent of the defendant company in his dealings with the assignor to procure the compromise does not, under the facts of this case, render the defendant liable to the appellee.

APPEAL from Dallas. Tried below before Hon. R. E. BURKE.

*Alexander, Clark & Hall* and *J. W. Terry,* for appellant.—1. The written transfer from plaintiff to intervenors did not transfer any interest in the cause of action, and was not such transfer as was contem-

plated by the statute in such cases provided. Sayles' Supp., art. 2464a.

2. The adjustment of fees between intervenors and their client, Burtie Johnson, was a matter that did not concern defendant. Whittaker v. Clarke, 33 Texas, 648; Abb v. Lee, 6 Texas, 427; Casey v. March, 30 Texas, 180.

*Wooten & Kimbrough* and *T. T. Vander Hoeven,* for appellees.—The Texas statute regulating the transfer of judgments, causes of action, and interests therein, is merely one of notice, and does not affect the rights of parties on their contracts and rights as to those having notice, either in the manner fixed by the statute or otherwise. Independently of this statute, the appellees had such an interest in the subject matter of the main suit, of which appellant had both legal and actual notice, as gave the court jurisdiction to hear and determine their rights, as a court of equity, irrespective of the amount involved in their claim as intervenors; and having properly obtained jurisdiction of the cause in the first instance, the court had authority to proceed to adjust and to enforce all issues between the parties, in order to avoid multiplicity of suits and to settle the rights involved. Acts 1889, p. 103; Eckford v. Knox, 67 Texas, 205; Peticolas v. Carpenter, 53 Texas, 27; Garrett v. Gaines, 6 Texas, 446; Middlebrook v. Mfg. Co., 86 Texas, 706; Chambers v. Cannon, 62 Texas, 293; Seymour v. Hill, 67 Texas, 385; Stein v. Freiberg, 64 Texas, 271; Witt v. Kaufman, 25 Texas Supp., 384; Edrington v. Allsbrooke, 21 Texas, 186; Willis v. Gordon, 22 Texas, 241; Mortgage Co. v. Keyser, 27 S. W. Rep., 280; 1 Pom. Eq. Jur., 2 ed., secs. 181, 237, 238, 1415; Bisp. Eq., 4 ed., sec. 37, p. 53; Brooks v. Stalley, 3 McLean, 529; Henderson v. Dickey, 50 Mo., 161; 2 Freem. on Judg., sec. 422; Bonner & Eddy v. Green, 6 Texas Civ. App., 96; Putnam v. Capps & Canty, 6 Texas Civ. App., 610.

RAINEY, ASSOCIATE JUSTICE.—One Burtie Johnson was injured by the appellant railway company, which injury was alleged to have been occasioned by the negligence of said railway company. Subsequently, on July 12, 1893, the following contract was entered into between said Johnson and appellees herein, to wit:

"THE STATE OF TEXAS, }
    "County of Dallas.     }

"This memorandum and contract, made and entered into this day by and between Charles F. Clint, T. T. Vander Hoeven, and Wooten & Kimbrough (a firm composed of Dudley G. Wooten and W. C. Kimbrough), attorneys and counselors at law, parties of the first part, and Burtie Johnson, party of the second part, witnesseth:

"1. That the said parties of the first part, as attorneys and counselors at law, have this day undertaken to bring and prosecute a

suit in the name and for the benefit of said Burtie Johnson, against the Gulf, Colorado & Santa Fe Railway Company, to recover damages for injuries sustained by said Johnson on or about May 25, 1893, caused by the negligence of the said railway company, at Dallas; and they hereby obligate themselves to faithfully, diligently, and honorably conduct said suit in and through all of the courts of the State of Texas to a final determination of the same, and to collect all sums of money that may be realized by reason of said suit, and to faithfully pay over and account for the same to the said Johnson as he may be entitled thereto under the terms of this contract.

"2. In consideration of the foregoing employment and undertaking on the part of said attorneys, the said Burtie Johnson hereby assigns, transfers, and conveys to the said parties of the first part a one-half ($\frac{1}{2}$) of all sums of money that may be recovered or realized from said railroad company, either as the result of said suit in the courts, or as the result of any compromise that may be effected with said company or its agents after the said suit is filed; and said Johnson hereby binds himself not to compromise said suit without the advise and consent of his said attorneys. The transfer and conveyance of the said one-half interest is intended to be an absolute fee to said lawyers for attention to said suit as aforesaid, but the suit is to be prosecuted in the name and for the benefit of said Burtie Johnson, this being merely the assignment of his one-half interest in the amount finally to be recovered or collected from said company, and not an assignment of the cause of action.

"3. The said party of the second part, viz., Burtie Johnson, is to furnish security for costs, and otherwise provide for the pecuniary outlay necessary to prosecute said suit.

"Witness our hands in duplicate, at Dallas, Texas, this 12th day of July, A. D. 1893.
                                        "CHARLES F. CLINT,
                                        "T. T. VANDER HOEVEN,
                                        "WOOTEN & KIMBROUGH,
                                        "BURTIE JOHNSON."

On July 22, 1893, appellees, as attorneys of said Johnson, filed suit in the District Court of Dallas County against appellant, seeking to recover damages for the injuries alleged to have been sustained to said Johnson through the negligence of appellant. At the same time the contract above quoted, which had been properly acknowledged, was filed with the clerk, and a minute of the same was made on the margin of the file docket, and the other requisites of article 2464a, Supplement to Sayles' Civil Statutes, as to notice, were duly complied with.

On or about August 4, 1893, without the knowledge or consent of appellees, said Johnson compromised said suit with appellant's agent for $500, and executed the following receipt for the money, and authority to dismiss said suit, viz:

"Account No. ——.        "Claim No. 3563.        "—— Service, —— Division.
"Audit No. ——.         "Series No. ——.         "Recorded in ——, 189—.

"Gulf, Colorado & Santa Fe Railway Company
"189—.        "To Burtie Johnson, Dallas, Texas, Dr.

"For and in full release, discharge, and satisfaction of all
claims, demands, or cause of action arising from or grow-
ing out of injuries received while employed as switchman
in East Dallas yard, May 25, 1893 ..................... $500.00

"Received of the Gulf, Colorado and Santa Fe Railway Company,
five hundred dollars, in full payment of the above account.

"In consideration of the payment of said sum of money, I, Burtie
Johnson, of Dallas, in the county of Dallas, and State of Texas, here-
by remise, release, and forever discharge the company of and from all
manner of actions, causes of action, suits, debts, and sums of money,
dues, claims, and demands whatsoever, in law or equity, which I have
ever had or now have against said company, by reason of any matter,
cause, or thing whatever, whether the same arose upon contract or
upon tort.

"In testimony whereof, I have hereunto set my hand this —— day
of ——, 189.                                "Burtie Johnson.

"Attest:  H. S. Downey.

"Aug. 4, 1893.  This is to certify that I have received from the
Gulf, Colorado & Santa Fe Railway Company, full and complete pay-
ment and satisfaction of any and all claims which I have or might
have on account of injuries sustained by me on May 25, 1893, while
employed as switchman in the Dallas yard; and I hereby authorize
the clerk of the District Court of Dallas County, or any attorney of
the Dallas County bar, to appear for me and in my name to enter a
dismissal of the suit brought by me against said railway company, now
pending in said court.  I hereby acknowledge full and complete satis-
faction of any and all claims which are or might be litigated herein.

"Attest:  H. S. Downey."                    "Burtie Johnson.

On December 20, 1893, appellees filed a plea of intervention in the
original suit of Johnson against the appellant railway company, in
which they sought to hold said company liable for one-half of the
amount paid Johnson in the compromise.  On hearing, the court be-
low gave appellees judgment for $250, and dismissed the suit as to
Johnson.  This is an appeal by the company from said judgment
against it.

*Opinion, on Rehearing.*—On a former day of this term this cause was
affirmed without written opinion.  Upon further consideration of the
questions involved, we have reached the conclusion that our former
disposition of the case was erroneous, and that the judgment of the

court below should be reversed, and judgment here rendered for appellant. The construction we before gave the contract between Burtie Johnson and appellees herein was, that it was a transfer of an interest in Johnson's cause of action against appellant, and that it fell within the purview of article 2464a, Revised Statutes. See Sayles' Supplement. Our conclusion now is, that it was not a transfer of an interest in the cause of action, but merely an agreement for a contingent fee in what might be recovered, either by suit or compromise. The contract itself distinctly asserts, that "this being merely the assignment of his one-half interest in the amount finally to be recovered or collected from said company, and not an assignment of the cause of action." It is evident from the terms of the contract that appellees were attempting to secure themselves in the fee agreed upon, and yet not become owners in the cause of action, which they probably feared would necessitate their becoming parties plaintiff in the litigation, and which they wished to avoid.

The statute under which appellees seek to recover relates to "the sale of any judgment, or any part thereof, of any court of record in this State, or the sale of any cause of action, or interest therein, after suit has been filed thereon." To avail themselves of the provisions of this law, their claim must be embraced within its terms. The contract under consideration can in no sense be considered the sale of an interest in a judgment, because none had been rendered. It can not be considered a sale of an interest in a cause of action, because by express terms it disclaims to be such. But if we should possibly be mistaken in this last construction, and it should be a sale of an interest in the cause of action, it would not avail appellees anything, as the sale thereof was made before the suit was filed, and the statute only embraces such sales as are made "after suit has been filed thereon." The statute by express terms having made provisions for sales made after suit brought, we do not feel that it is within our province, under the well known rules of construction, to give a broader latitude to its provisions than has been stated; nor do we think the Legislature intended said statute to embrace sales other than those made "after suit had been filed."

We do not think that appellees, by reason of the notice to appellant of the existence of said contract, can recover independent of the statute.

The claim of Johnson against appellant being for personal injuries, was not assignable, and no right accrued to appellees as against appellant by virtue of the contract with Johnson. In the case of Stewart v. Railway, 62 Texas, 247, the same question here involved was there considered, and the court held, that "if the claim was such as would survive to the executor, it would be the subject of sale and assignment, but if it was such claim as would not survive to the executor, then it would not be the subject of assignment." Citing approvingly Railway v. Freeman, 57 Texas, 156, which holds the same doctrine.

In the case of Stewart v. Railway, supra, attorneys, as in this case, made a contract with the plaintiff, Stewart, for a contingent fee, to recover damages for personal injuries. After suit was brought, the railway company compromised the suit with Stewart. The attorneys then filed a plea of intervention setting up their contract with Stewart, alleging that the railway company when the compromise was made knew of said contract, and asked judgment for their part of the claim. Demurrer was interposed to said plea, and sustained, which was approved by the Supreme Court, because no right to recover was shown by the allegations. The cases of Putnam v. Capps, 6 Texas Civil Appeals, 610, and Bonner v. Green, Id., 96, cited by appellees, do not inveigh against the rule here announced, as those decisions are predicated upon statements of fact different from the facts of this case. In the first case, there was an assignment of the judgment after its rendition, and the fight was between two parties claiming the proceeds of same. There was also a claim to the proceeds by virtue of a transfer alleged to have been made before judgment. In speaking of this last claim the court says: "It is probable that as this cause of action, before judgment, could not be assigned independent of the statute, its terms should have been complied with in making a transfer before judgment, in order to constitute an effectual conveyance to one claiming thereunder." In the second case, there was a sale of an interest in the cause of action, made after the suit was filed.

As Johnson's claim against appellant was not transferable independent of the statute, and as it is not embraced within the terms of the statute, it follows that the judgment of the court below is erroneous. Therefore, the same is reversed, and judgment is here rendered for appellant.

*Reversed and rendered.*

Delivered February 20, 1895.

## ON MOTION FOR REHEARING.

RAINEY, Associate Justice.—We are of opinion that no sufficient reason is shown by appellees in their motion for rehearing why we should change our disposition of this case. We are asked to eliminate from our opinion heretofore rendered, because reflecting upon counsel, the following sentence: "It is evident from the terms of the contract that appellees were attempting to secure themselves in the fee agreed upon, and yet not become owners in the cause of action, which they probably feared would necessitate their becoming parties plaintiff in the litigation, and which they wished to avoid."

No reflection was intended, and we are unable to see how the language can be so construed. This court is of opinion that such a desire on their part is not reprehensible.

Appellees ask additional conclusions of fact and law. We think the conclusions heretofore given are sufficient, and said motion is overruled.

The question of fraud raised by appellees as to the conduct of appellant's agent, Downing, we think immaterial, as under our view of the law of this case, notwithstanding such conduct, the appellant could not be held liable to appellees.

Under the facts of this case we think the District Court had jurisdiction to determine the issues raised, and there was no error in overruling defendant's plea in abatement.

We do not wish to be understood as holding that the contract made by appellees with Johnson was not binding as between them. We only hold that appellant, under the circumstances, is not liable to appellees.

*Motion overruled.*

Delivered March 3, 1895.

LIGHTFOOT, Chief Justice, did not sit in this case.