DAVIDSON v. LEE et al.

(Court of Civil Appeals of Texas. Galveston. Dec. 13, 1913.)

1. APPEAL AND ERROR (§ 931*)—QUESTIONS REVIEWABLE—FINDINGS—ABSENCE OF CONCLUSIONS OF FACT.

In a case tried by the court, in the absence of conclusions of fact, the court on appeal must presume that the conflicts in the evidence on the issuable facts were resolved in favor of the successful party, and that every fact necessary to support the judgment was found by the trial court.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3728, 3762–3771; Dec. Dig. § 931.*]

2. JUDGMENT (§ 883*) — REGISTRATION — EFFECT.

The effect of the registration of a money judgment is, under Sayles' Ann. Civ. St. 1897, art. 3289, solely to make the judgment a lien on the property and to give notice thereof, and is not notice thereof to one who takes from the judgment debtor an assignment of a judgment which he holds against his creditor.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1669–1688; Dec. Dig. § 883.*]

3. JUDGMENT (§ 883*) — UNLIQUIDATED DEMAND.

A cause of action in tort, in favor of one and against another who had a judgment against the former, cannot be set off against the judgment so long as it is unliquidated.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1669–1688; Dec. Dig. § 883.*]

4. JUDGMENT (§ 883*)—SETTING OFF JUDGMENTS.

Sayles' Ann. Civ. St. 1897, art. 4647, providing for the recording of transfers of judgments, or of any cause of action after filing suit, does not apply to a transfer of a one-half interest in a cause of action in tort executed by plaintiff to his attorneys employed to prosecute the action prior to the institution of the suit, and defendant in the tort action, who held a judgment against plaintiff therein, could not, after the rendition of judgment for plaintiff in the tort action, require that the judgments should be set off against each other, and thereby deprive plaintiff's attorneys of their rights under the assignment.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1669–1688; Dec. Dig. § 883.*]

5. JUDGMENT (§ 883*)—SETTING OFF JUDGMENTS—ASSIGNEE'S RIGHTS.

A judgment is not within Sayles' Ann. Civ. St. 1897, arts. 308, 309, declaring that the obligee of any nonnegotiable instrument may, by assignment, transfer his interest, and providing that the assignee may maintain an action in his own name, but shall allow every defense against the same which it would have been subject to in the hands of any previous owner before the giving of the notice of the assignment, and a court of equity may set off one judgment against another, where the interests of justice require it, but a set-off will not be allowed against an assignee of an interest in a judgment, where the assignor was not insolvent, and the assignee had no notice of any judgment against the assignor, and where he acted in good faith and paid a fair consideration.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1669–1688; Dec. Dig. § 883.*]

Appeal from District Court, Nacogdoches County; L. D. Guinn, Judge.

Action by John P. Davidson against R.

H. Lee and others. From a judgment for defendants, plaintiff appeals. Affirmed.

Ingraham & Hodges, of Nacogdoches, for appellant. June C. Harris and King & King, all of Nacogdoches, for appellees.

REESE, J. On January 3, 1910, John P. Davidson instituted suit in the county court of Nacogdoches county against R. H. Lee to recover money alleged to be due on a contract for rent, and on February 5, 1910, recovered a judgment against Lee for $480, with foreclosure of lien. By a sale of property upon which the lien was foreclosed, $118.55 was realized and credited on the judgment. The balance is still unsatisfied. Abstract of this judgment was filed and registered March 18, 1910. King & King and J. C. Harris represented Lee in this suit as his attorneys. On January 27, 1910, R. H. Lee instituted suit in the district court against Davidson to recover damages for assault and battery upon him by Davidson, and on April 13, 1910, recovered a judgment for $225. On appeal to this court by Davidson, this judgment was affirmed. On January 20, 1910, Lee, by an instrument in writing, transferred to King & King and J. C. Harris, his attorneys, a one-half interest in his cause of action aforesaid against Davidson and in whatever judgment might be recovered in that suit, which instrument was filed with the papers in the case of Lee v. Davidson on April 15, 1910. On December 27, 1911, R. H. Lee transferred to W. Y. Garrison by an instrument in writing a one-half interest in the said judgment against Davidson, which instrument was filed among the papers of said case on December 29, 1911. The consideration of the transfer to King & King and J. C. Harris was services rendered and to be rendered by them for Lee in prosecuting said action against Davidson. The consideration of the transfer to Garrison of the remaining half of the judgment was $100 paid in cash. An execution was issued upon this judgment against Davidson, and was about to be enforced, when Davidson instituted this suit in the district court against Lee, King & King, J. C. Harris, and W. Y. Garrison to enjoin them from the collection of said judgment, and to have set-off against the same, the judgment which Davidson then held against Lee. In addition to the foregoing facts, which were substantially alleged, plaintiff alleged further that Lee was then, and had been since the rendition of the judgment aforesaid against him, notoriously insolvent, and had no property known to him out of which he could make the amount of his judgment, that this fact was well known to the defendants King & King and Harris, and to defendant Garrison at the time of the respective transfers to them, and that they also, and each of them, had knowledge of the existence of

his unsatisfied judgment against Lee at the time of the respective transfers. Temporary injunction was issued, and, the case coming on to be heard without a jury, judgment was rendered dissolving the injunction and in favor of defendants on the cause of action set up. From this judgment, his motion for a new trial being overruled, the plaintiff appeals. There are no conclusions of fact or law in the record.

[1] In the absence of conclusions of fact by the trial court, we must presume that all conflicts in the evidence upon every issuable fact were resolved in favor of appellees, and that, if the evidence was sufficient to support such finding, every fact necessary to support the judgment was so found by the trial court.

[2] The evidence upon the issue of appellee Lee's insolvency was conflicting, but, under the rule stated, we must assume that the court found that Lee was not insolvent now or at the time of the rendition of the judgment against him. King & King and Harris had knowledge, when they took their transfer, of the judgment of Davidson against Lee, and that it was unsatisfied, as they were Lee's attorneys in the suit. But Garrison denied all knowledge of this judgment when he took his transfer, and we find that he had no knowledge of it. The registration of the judgment was not constructive notice of such judgment to Garrison. The purpose and effect of such registration was solely to make the judgment a lien on Lee's real property, and to give notice of such lien. Sayles' Civil Statutes, art. 3289.

The assignments of error present the general proposition that, under the facts shown, the court erred in not allowing appellant to set off against the judgment sought to be enforced against him, his judgment against Lee, as against the claims of the assignees of the judgment. In some of the assignments the special ground of Lee's insolvency is set up, which is assumed as a basis of the assignment, but, as we have found, this ground cannot be sustained on the facts found.

[3, 4] We think the case as to King & King and Harris, to whom were assigned one-half of the cause of action and of the judgment to be recovered, may be readily disposed of. This cause of action rested in tort, against which appellant's judgment could not be set off while it was unliquidated, even in the hands of appellee Lee. This was its condition at the date of the transfer to them. They became the owners of one-half of the judgment the moment it was rendered, and there was no instant of time when such judgment liquidating the tort demand, as to such one-half interest, was the property of Lee, and this would be true, even though this transfer, on account of its having been executed prior to the institution of the suit of Lee against Davidson, does not come within the operation of article 4647, Sayles' Civil Statutes. Ry. Co. v. Wooten, 10 Tex. Civ. App. 54, 30 S. W. 684; Putnam v. Capps, 6 Tex. Civ. App. 610, 25 S. W. 1024; Smith v. Ry. Co., 39 S. W. 969.

[5] But the case as to Garrison presents more difficulty. A judgment does not come within the provisions of articles 308, 309, Sayles' Civil Statutes, but a court of equity will set off one judgment against another whenever the interests of justice require it to be done. Waterman on Set-Off (2d Ed.) 398; 23 Cyc. 1019. In 2 Black on Judgments (section 954) it is stated that many of the cases sustain the doctrine "that one judgment may be set off against another, although one of the judgments has been assigned to a third person for a valuable consideration and without notice of the existence of the other judgment, provided the right of set-off existed at the time of the assignment." This would put judgments in the same class as nonnegotiable instruments, under the statute, so far as the right of set-off is concerned. In the same section it is stated that other decisions, without going to this length, hold that such judgments may be set off where one of them was fraudulently assigned for the very purpose of defeating the set-off, and others go no further than to declare that if the assignee has notice of the other judgment he will take subject to the equitable right of set-off, and that still another view is that the equity in question cannot prevail over the assignment, unless the assignee was insolvent at the time of the assignment. Under the facts in this case, and the rules thus stated, the set-off should not be allowed as against the rights of Garrison under the assignment. Lee was not insolvent, Garrison had no notice of the judgment of Davidson against Lee, and there is no suggestion in the evidence that the assignment was fraudulent or made to defeat the right of set-off, so far as Garrison is concerned. He acted in good faith, and paid $100 in cash for the half interest in the judgment. The author proceeds: "But a considerable proportion of the authorities take the broad ground that the right to set off judgments is permitted only where it will infringe on no other rights of equal grade, and further that the assignment of one of the judgments destroys that mutuality which is an essential condition to the right to set off, and consequently that this equity will not be permitted to affect an assignee for value and in good faith." This broad rule seems to have been adopted in Dutton v. Mason, 21 Tex. Civ. App. 389, 52 S. W. 651, cited by appellant. In Wright v. Treadwell, 14 Tex. 255, the two judgments grew out of the same transaction, which is remarked by the Supreme Court in McManus v. Cash & Luckel, 101 Tex. 261, 108 S. W. 800, as distinguishing the two cases. Notwithstanding the case of Wright v. Treadwell, Garrison having no notice of the judgment of

appellant against Lee, Lee not ,being shown to have been or to be insolvent, and Garrison having purchased in good faith and paid value, we think that his equities are superior, or at least equal, to those of appellant, and that the court rendered the proper judgment. Beard v. Puett, 105 Ind. 68, 4 N. E. 671; Pheiffer v. Harris, 11 Bush (Ky.) 400; Rowe v. Langley, 49 N. H. 396; Davidson v. Geoghagan, 3 Bibb (Ky.) 233; Ramsey's Appeal, 2 Watts (Pa.) 228, 27 Am. Dec. 301.

We have examined the assignments of error together with the propositions stated in appellant's brief and conclude that none of them presents any ground for reversal, and the judgment is affirmed.

Affirmed.