## PRIMM, TAYLOR & BROWN vs. RANSOM.

One execution cannot be set off against another in the hands of a sheriff, where the sum due on the first execution had been in good faith assigned before the latter execution was delivered to the officer. The delivery of the execution to the officer is to be deemed the time at which the plaintiff becomes entitled to the money due thereon.

## APPEAL from St. Louis Circuit Court.

PRIMM & TAYLOR, *for Appellants, insist:*

1. The question submitted to the court below was strictly within its jurisdiction, and the decision one from which an appeal lies to this Court. Wise vs. Darby, 9th vol. Mo. Rep. page 131.

2. The only question in this case is, the construction of the second division of the tenth section of the statute entitled Set-Off, Rev. Code, 1845, p. 1006. When was the money due on the second execution?

3. That the money in the second execution was *not "due thereon"* until the same was in fact issued and delivered to the officer; and if such be the meaning of said language, then the court erred, because the money in the first execution was *bona fide* assigned before the second execution issued.

KNOX, *for Appellee, insists:*

1. The statutes of the State of Missouri require the sheriff to set off one execution against another in cases like the present. See Rev. Statute of 1845, title Set-Off, pages 1006-7.

2. Without the statute above referred to, the Circuit Court had the authority to order the sheriff to set off the said executions. See 1st Cowen, page 206, Cooper vs. Rigdon & Searls; 8 Cowen, 126, Ewen vs. Terry; 8 Mass., 451, Makepeace vs. Cootes.

SCOTT, J., *delivered the opinion of the Court.*

In February, 1845, Ransom, the appellee, obtained a judgment in a Justice's Court against Richard Warren. A transcript of the judgment being afterwards filed in the Circuit Court, in December following an execution issued thereon and was placed in the hands of the sheriff. On the 3rd October, 1845, Warren recovered in the Court of Common Pleas a judgment against Ransom, the appellee, which was assigned on the 16th of the month to the appellants, who caused execution to issue thereon on the 14th November following. The appellee was seasonably notified of the assignment to the appellants. On the 12th February, 1846, both of the executions being in the hands of the sheriff, the Circuit Court directed him to set off one against the other, without regard to the interests

of the appellants, (the assignees of the first execution,) from which they appealed to this Court.

The question in the case arises under the 2nd subdivision or clause of the 10th section of the act respecting set-off. The sheriff being authorized by a preceding section to set off executions against the same parties, that subdivision prohibited it where the sum due on the first execution had been lawfully and in good faith assigned to another before the creditor in the second execution had become entitled to the sum due thereon. The word "thereon," at the end of the subdivision, evidently refers to the sum due on the first execution, and the appellee could not have been entitled to it until the execution was placed in the hands of the sheriff; and as, at that time, it had been lawfully and in good faith assigned away to others, under the law he was not entitled to it. Judge NAPTON concurring, the judgment will be reversed.