### Dutton & Rutherford v. M. S. Mason (Crosby & Dinsmore, Interveners).

Decided May 20, 1899.

**1.  Allegata and Probata—Transfer of Judgment—Date.**

Where the plaintiff declared on a written transfer of a judgment made on to wit, May 17, 1897, evidence of a parol sale and transfer made on May 15 was not admissible under the pleadings.

**2.  Judgments Used in Set-off—Right Equitable.**

The right to set off one judgment against another is not a statutory but an equitable one, and will be allowed by the court only where good conscience requires it.

**3.  Same—Right Denied as Against Assignee of Judgment.**

Assignees of a judgment bought without actual notice of any offsets thereto can not be denied the right to enforce it by injunction proceedings in which defendants seek to offset against it a judgment recently obtained by them against plaintiff upon accounts and claims bought by them before the transfer for the purpose of being used in offset, and the fact that plaintiff is insolvent does not alter the case.

Appeal from Franklin. Tried below before Hon. J. M. Talbot.

*Todd & Glass,* for appellants.

*Crosby & Dinsmore,* for appellees.

BOOKHOUT, ASSOCIATE JUSTICE.—On May 14, 1897, M. S. Mason recovered a judgment in cause No. 618 against appellants for $162.56. On May 15, 1897, appellants became the owners of a judgment and certain other claims against said Mason, aggregating $138.68. Mason was insolvent. Appellants reduced their other claims to judgment·against Mason. And thereafter held their two judgments against him and offered to offset them against Mason's judgment and pay him the difference, which was refused. Execution was sued out on the judgment in favor of Mason, and appellants brought this suit to restrain and enjoin the sale of property levied on under said execution. This suit was filed on the 10th day of July, 1897, and, in addition to the·prayer for injunction, asked to have their judgment set off against Mason's and offered to pay the difference. On November 22, 1897, Crosby & Dinsmore intervened, and in their petition of intervention alleged that on May 17, 1897, M. S. Mason was the owner of the judgment of May 14, 1897, for $162.50 against appellants, and on that day, May 17th, they purchased said judgment from Mason and took a transfer of same, which is dated May 17, 1897, and on the same day had a memorandum of said transfer made on the margin of the judgment entry.

Appellants filed supplemental petition, in which they denied the purchase by interveners, but alleged that if they did purchase, it was after said judgment was rendered and was due, and after appellants had acquired set-offs and counterclaims against Mason. Interveners on November 25, 1898, filed a supplemental petition, in which they denied the allegations in appellants' supplemental petition, and again alleged that on May 17, 1897, they acquired the said judgment against appellants. On November 25, 1898, the case was tried by the court and judgment was rendered in favor of the defendants, dissolving the injunction, and in favor of interveners for the amount of Mason's judgment against appellants. The court filed conclusions of fact and law; a statement of facts was also approved and filed. Appeal was perfected on December 20, 1898.

The above statement is taken from appellants' brief and is agreed to by appellees with the following additions thereto:

Interveners in their pleadings make all their allegations with respect to time with the videlicit, that is, "heretofore, to wit, on the 17th day of May, 1897."

Dutton & Rutherford on the 15th of May, after the judgment was rendered against them in cause No. 618 in favor of Mason, secured a transfer to themselves of about fifteen claims against Mason, constituting the claims which they seek to set off against the judgment in this suit, with the express purpose of so setting them off, buying some of them at a discount, and the largest one of them at a premium. They knew at the time they bought them that Mason was insolvent.

The judgment was transferred to interveners by Mason in payment of their attorneys' fees in the case wherein the judgment was rendered, which was cause No. 618, Dutton & Rutherford v. M. S. Mason, and the transfer was in good faith, for fair price, and without knowledge on the part of interveners of any offsets against the judgment.

The judgment of the trial court was not in terms "in favor of the interveners for the amount of Mason's judgment against appellants," but dissolved the injunction and gave defendants and interveners judgment for their costs.

Appellants' first assignment of error complains of the action of the trial court in overruling plaintiff's objection and allowing the witness M. S. Mason, defendant, and a witness for interveners to testify that he sold the judgment in cause No. 618 to interveners on May 15, 1897, because the pleadings did not authorize the admission of such testimony. The pleadings alleged a transfer in writing on to wit, May 17, 1897, and we think the evidence of a parol sale and transfer of the judgment made on May 15 was not admissible under the pleadings. But under our view of this case the action of the court in admitting the evidence was harmless.

The appellants' third assignment of error reads: "The court erred in holding that the rights and equities of interveners were superior to those of plaintiffs in the judgment in controversy, because the evidence shows and the court finds that said judgment was rendered on May 14, 1897, and plaintiffs became the owners of the judgment and claims against Mason which they seek to set off against said judgment on May 15, 1897, and they then had no notice or knowledge that interveners had or claimed any title or interest in said judgment, and that the written transfer described and declared upon interveners' petition and supplemental petition was not executed or filed and noted on the minutes of the court till May 17, 1897, after plaintiffs' rights had accrued."

The record shows the following state of facts: On May 14, 1897, there was pending on the docket of the District Court of Franklin County a suit instituted by Dutton & Rutherford against M. S. Mason, in which said Mason had pleaded in reconvention against plaintiffs. On May 14th said cause was tried and resulted in a judgment for Mason against Dutton & Rutherford for $162.50. In that litigation Crosby & Dinsmore were the attorneys who represented Mason in said cause and procured the judgment for him. For their services they were to be paid $100, which was evidenced by the promissory note of said Mason secured by a mortgage on personal property. They were also to receive one-fourth of any judgment recovered by them. On the next day, May 15th, Dutton & Rutherford purchased a judgment against Mason and in favor of Bannister & Holland for $33, agreeing to pay its face, but for which they at the time paid nothing, but have since paid $25 on account. They also on the same day purchased between ten and fifteen open accounts against Mason, paying their face value, aggregating $96, and said accounts were

transferred to them in writing. On June 28, 1897, Dutton & Rutherford brought suit on their accounts against Mason and recovered judgment in the Justice Court on August —, 1897, for $96 and costs. The above accounts and judgment were acquired by Dutton & Rutherford for the purpose of setting the same off against the judgment recovered by Mason against them. Mason was insolvent on May 14th, and has been so since. On May 17, 1897, Mason sold and transferred in writing the judgment recovered by him against Dutton & Rutherford, to his attorneys Crosby & Dinsmore, in full payment of their services in representing him in said cause and in procuring the judgment for him. The note for $100 was canceled by them and returned to Mason. A memorandum of this transfer was noted on the margin of the judgment record. At the time of said transfer Crosby & Dinsmore had no notice of any offsets against said judgment on the part of Dutton & Rutherford. On the 12th day of June, 1897, Crosby & Dinsmore caused an execution to issue for their benefit on said judgment and had the same levied upon the property of the defendants therein, appellants here, on July 6, 1897. On July 9, 1897, Dutton & Rutherford presented their petition to J. M. Talbot, judge of the Fifth Judicial District of Texas, to enjoin and restrain the sale under said execution and levy, and to have set off the claims held by them against said judgment on the ground of Mason's insolvency.

The power to set off a judgment obtained by a defendant against a plaintiff, against a judgment obtained by the plaintiff against such defendant, is not conferred by the statutes of this State. Such power will be exercised by the courts of this State in a proper case in the exercise of the equitable power of such court. Simpson v. Huston, 14 Texas, 476. Such right being purely equitable, is allowed only where good conscience requires it.

The ground upon which plaintiffs, appellants, base their right to the equitable relief is the insolvency of Mason, the defendant. The claims which they seek to have set off against the judgment rendered in favor of Mason against them did not arise out of or pertain to the demand upon which such judgment was rendered.

As a general proposition it may be admitted that an assignee of a judgment takes it subject to the equities between the judgment debtor and creditor, including the right of the debtor to offsets against the plaintiff in the judgment. 2 Freem. on Judg., sec. 428; Townsend v. Quinan, 47 Texas, 1. While Mr. Freeman announces the above rule, yet in the same section he says: "The rule sustained by the majority of the authorities upon the subject is, that a set-off will be allowed or refused allowance as against an assignee of a judgment, as to the court may seem equitable." 2 Freem. on Judg., sec. 428. It has been held that the equitable right to have one judgment set off against another will only be permitted when it will infringe on no other right of equal grade. Ramsay's Appeal, 2 Watts, 230; 27 Am. Dec., 301. Such power is only to be exercised upon careful consideration of all the circumstances of the transaction out of

which the judgments arise and in order to protect the just rights of the parties. Ames v. Bates, 119 Mass., 397; Hermann v. Miller, 17 Kan., 330; Beckman v. Manlove, 18 Cal., 388.

Mr. Black in his work on Judgments, after stating the general rule, and the modifications of the rule, and the view taken by the courts of different jurisdictions, says: "But a considerable proportion of the authorities take the broad ground that the right to set off judgments is permitted only where it will infringe on no other right of equal grade, and further, that an assignment of one of the judgments destroys the mutuality which is an essential condition to the right to set off, and consequently this equity will not be permitted to effect an assignee for value and in good faith." 2 Black on Judg., sec. 954, and authorities there cited. See also 2 Freem. on Judg., sec. 429.

Again, Mr. Black says: "Most of the cases seem to agree in the rule that where a judgment recovered by a plaintiff has been assigned to his attorney in good faith, in payment for his services in the action, the court should refuse to set off against such judgment a judgment recovered by defendant against plaintiff prior to the assignment, but of which the attorney had then no notice." 2 Black on Judg., sec. 954.

In this case the trial court held that the equities of the interveners, Crosby & Dinsmore, in the judgment, were superior to those of plaintiffs to have the judgment offset by their claims. Appellant challenges this holding. In this State an attorney has no lien by statute on a judgment recovered by him to secure him for his services in procuring the same. In other States, where an attorney has no lien given him by statute for his services on a judgment recovered by him, it has been held that an attorney has an equitable claim to be paid for his services out of the judgment which he has recovered for his client. Diehl v. Friester, 37 Ohio St., 473; Simmons v. Reed (S. C.), 9 S. E. Rep., 1058; Zogbaum v. Parker, 55 N. Y., 120; Turney v. Wilson, 45 N. J. Law, 282; Matter of Knapp, 85 N. Y., 297.

The interveners procured the judgment against plaintiffs on May 14, 1898. They were to receive one-fourth the amount recovered in part pay for their services. They were also to receive $100 in addition to said one-fourth of the judgment. On May 17th the judgment was duly transferred to them, without notice of any offset against it, in full payment of their fees.

· The demands which plaintiffs seek to have set off against the judgment assigned to interveners did not arise out of the same transaction or business, and hence, as stated by the court in Zogbaum v. Parker, supra, there is no inherent equity in favor of plaintiffs. They did not even hold these claims which they seek to offset when Mason recovered judgment against them. After the rendition of that judgment, knowing that Mason was insolvent, they went out and purchased claims against him for the purpose of offsetting them against the judgment which he had procured against them. They did not know that this judgment had been transferred to interveners. A part of the claims so purchased were open ac-

counts which it was necessary to reduce to judgment before a court would recognize plaintiffs' right to set off the same against a judgment.

There can be no doubt that the interveners have an equitable claim to one-fourth the judgment recovered by them for Mason against appellants under the facts as proven. We also are of the opinion, under the facts, that their equities to the remainder of the judgment are superior to those of plaintiffs, and that the trial court did not err in so holding. Haney v. Morrill, 61 N. H., 9, same case, 60 Am. Rep., 317; Primm v. Ransom, 10 Mo., 444.

We are of opinion that the proper judgment was rendered by the trial court herein, and the same is affirmed.

*Affirmed.*