PIERSON et al. v. FARMERS' STATE GUARANTY BANK. (No. 6111.)

(Court of Civil Appeals of Texas. San Antonio. Oct. 30, 1918. Rehearing Denied Nov. 27, 1918.)

1. JUDGMENT ⬦883(11)—SET-OFF—MUTUAL JUDGMENTS.

Courts of law have power to set off mutual judgments, such power depending, not upon statute, but upon the general jurisdiction of the court over its suitors.

2. EXECUTION ⬦172(4)—MUTUAL JUDGMENTS —TEMPORARY INJUNCTION.

A petition alleging a final enforceable judgment in favor of plaintiff as against defendants and a final enforceable judgment in favor of defendants as against plaintiff, without showing whether the two suits grew out of the same transaction or if defendants' judgment was upon a liquidated claim, and that alleged insolvency of defendants, justified issuance of temporary injunction against levy of execution.

Appeal from District Court, Cameron County; W. B. Hopkins, Judge.

Action by the Farmers' State Guaranty Bank against L. B. Pierson and others. From an order granting a temporary injunction, defendants appeal. Affirmed.

G. R. Whitley, of San Benito, and McCollum Burnett, of San Antonio, for appellants.

J. M. Mothershead, of San Benito, and Jones & George, and James A. Graham, all of Brownsville, for appellee.

SWEARINGEN, J. This is a suit by the Farmers' State Guaranty Bank, appellee, against L. B. Pierson, Selma Pierson, McCollum Burnett, and George R. Whitley, and the sheriff of Cameron county, Texas, Mr. W. T. Vann. The purpose of the suit is to set off two judgments in favor of the respective parties and enjoin the defendants from levying execution to satisfy their judgment.

A temporary injunction was ordered by the court without a hearing. From this temporary injunction appellants prosecute this appeal.

The petition contains the following allegations:

"Plaintiff shows: That heretofore, to wit, on the 27th day of March, 1917, the defendants L. B. Pierson and Selma Pierson, in the district court of Cameron county, Tex., in cause No. 2810, styled L. B. Pierson et al. v. Farmers' State Guaranty Bank, recovered a judgment against this plaintiff in the sum of $8,000 with 6 per cent. interest thereon from the 27th day of April, 1914, together with all costs of suit. That thereafter said cause was duly appealed to the Court of Civil Appeals of the Fourth Supreme Judicial District of Texas, which last-named court affirmed the judgment and decision of the district court of Cameron county, Tex. (201 S. W. 424), which judgment and decree of said appellate court was duly certified for observance to the said lower court and mandate of said appellate court filed in said district court on the 18th day of April, 1918. Whereupon, the said L. B. Pierson and Selma Pierson, and said McCollum Burnett and George R. Whitley, acting with them, applied for and caused to be issued out of the district court of Cameron county, Tex., an execution on said judgment, which execution is now in the hands of said W. T. Vann, as sheriff of Cameron county, Tex., and is for the sum of $3,720, the amount now due upon said judgment, and $60.80 costs, and that, if not restrained by the injunction and order of this court, said W. T. Vann, sheriff as aforesaid, will proceed to seize and sell the property of this plaintiff in satisfaction of said judgment and the amount of money recited in said execution, to the great and irreparable injury of this plaintiff, as hereinafter more fully shown, and against which said acts and threatened acts of the said sheriff, this plaintiff has no adequate remedy at law, as will be hereinafter more fully explained.

"Plaintiff shows that, as aforesaid, said judgment was rendered in favor of the said L. B. Pierson, but that in truth and in fact, as this plaintiff is informed and believes, and on such information and belief charges the fact to be, the said judgment and cause of action upon which judgment was rendered was prior to the rendition thereof and at the time of rendition thereof, and is now and has always been, the property of the said L. B. Pierson, and that he is the real and beneficial owner of said judgment and the rights secured thereby, and the said Selma Pierson has no interest therein. Plaintiff further shows that said defendants Burnett and Whitley are claiming some interest in said judgment and under some form of transfer made by the said L. B. Pierson to them, but

that said transfer, if any in fact exists, was and is colorable and assimilated, not made in good faith and made with the full notice of the rights of this plaintiff, as hereinafter set out, and said transfer was made for the purpose of defrauding this plaintiff, and placing said judgment beyond the reach of this plaintiff under the facts herein alleged. Wherefore, plaintiff says that, for the purpose of this suit, said judgment in law and in equity is now the property of the said L. B. Pierson; that all of the defendants herein named are insolvent, and have no property in this state or anywhere else, so far as this plaintiff knows and is informed and believes, and on such information and belief alleges the fact to be, subject to execution; and that said L. B. Pierson cannot, nor can any of the other defendants named herein except the said sheriff, W. T. Vann, who is sued herein in his official capacity only, be compelled to respond in damages on the matters and things herein set out.

"Plaintiff shows that on the 9th day of September, 1914, in the district court of Harrison county, Tex., in cause No. 1795, styled 'P. O. Beard v. L. B. Pierson et al.,' this plaintiff recovered a judgment against the said L. B. Pierson, who is the same L. B. Pierson in this suit, for the sum of $2,499.42 with 10 per cent. interest thereon from the date of said judgment, together with all costs of suit, the amount now due this plaintiff upon said judgment being the sum of $3,434.36. After the rendition of said judgment, said cause was appealed to the Court of Civil Appeals for the Sixth Supreme Judicial District of Texas at Texarkana, Tex., and said judgment as to the said L. B. Pierson was in all things affirmed and permitted to stand, and is now a valid, subsisting, and enforceable judgment and claim owned and held by the plaintiff against the said L. B. Pierson for the amount thereof, as above specified, and the said L. B. Pierson being now insolvent, as hereinbefore alleged, this plaintiff in equity is entitled to offset the judgment herein first described as rendered in the district court of Cameron county, Tex., with the judgment in cause No. 1795, rendered in Harrison county, Tex., and that if said judgment rendered in the district court of Cameron county, Tex., is not by the equitable powers of this court offset and paid by the judgment in cause No. 1795 rendered in the district court of Harrison county, Tex., plaintiff will suffer great and irreparable injury, and if it is compelled to pay the amount of money specified in the execution now in the hands of W. T. Vann, as hereinbefore alleged, such payment will be a total loss to this plaintiff."

[1] It is a well-established rule that courts of law have power to set off mutual judgments, depending, not upon statute, but upon the general jurisdiction of the court over its suitors. Simpson v. Huston, 14 Tex. 476.

Appellants contend that the set-off should have been adjudicated in the suit which resulted in the judgment against appellee, and, because it should have been therein set off, the appellee has not shown sufficient diligence to be entitled to the equitable relief herein sought.

[2] If it affirmatively appeared that the two suits grew out of the same transaction, or if appellants' judgment was upon a liquidated claim, the question of diligence would have been considered by the trial court. If the cause of action, which resulted in the judgment in favor of L. B. and Selma Pierson, was a suit for damages for conversion,

appellee could not have pleaded in set-off its liquidated claim, because forbidden by the statute. Vernon's Sayles' Ann. Rev. Civ. St. art. 1329. That the petition stated a sufficient cause to justify the court to issue the temporary injunction is sustained, we think, by the following authorities: McManus v. Cash & Luckel, 101 Tex. 261, 108 S. W. 800; Wright v. Treadwell, 14 Tex. 255; Simpson v. Huston, 14 Tex. 476; Hanchett v. Gray, 7 Tex. 549; Dutton v. Mason, 21 Tex. Civ. App. 389, 52 S. W. 651.

The judgment is affirmed.