CITIZENS INDUSTRIAL BANK OF AUSTIN v. OPPENHEIM et ux.

No. 8630.

Court of Civil Appeals of Texas. Austin.

May 11, 1938.

Rehearing Denied June 1, 1938.

William Yelderman and Cofer & Cofer, all of Austin, for appellant.

Hart, Patterson, Hart & Brown and Benton Coopwood, all of Austin, for appellees.

BLAIR, Justice.

Appellant, Citizens Industrial Bank of Austin, Texas, instituted this proceeding against appellees, S. Oppenheim and Mrs. S. R. Oppenheim, husband and wife, for an injunction to compel the set-off of mutual judgments. Appellees answered that appellant purchased the judgment which it sought to set off against a judgment held by appellees against appellant, with knowledge and notice of the equities of the intervener, Mrs. Lyon, in the judgment recovered by appellees against appellant bank. A trial to the court without a jury resulted in judgment refusing to set off the mutual judgments; hence this appeal.

We have reached the conclusion that the trial court's judgment should be affirmed. The evidence showed that in 1934, appellees, S. Oppenheim and S. R. Oppenheim, recovered a judgment against the appellant bank for more than $1,500 as damages for the conversion of certain jewelry which appellees had pledged as security for a loan made by appellant bank to the Oppenheims. In that suit it was alleged and proved that the jewelry belonged to intervener, Mrs. Lyon, sister of Mrs. Oppenheim, who loaned it to Mrs. Oppenheim for the purpose of enabling her to put it up as collateral security for a loan from appellant bank. Citizens Industrial Bank v. Oppenheim, Tex.Civ.App., 92 S.W.2d 312, error ref., which case was tried by the same court trying the instant case.

The Schaeffer Garment Company, a corporation, recovered judgment against S. Oppenheim in the county court of Travis County, Texas, which together with interest and cost at the time of the trial of this case aggregated about $600. This judgment was based upon a judgment recovered in an Oklahoma court upon an open and verified account of Oppenheim. By written assignment, dated April 20, 1936, and for a consideration of $125, appellant bank purchased the Schaeffer judgment. In May, 1936, appellant bank instituted this suit to enjoin the collection of the Oppenheim judgment against it, based upon the conversion of the jewelry, and to compel a set-off of the judgment which it had purchased from Schaeffer Company. Appellees and intervener alleged and offered proof from which the trial judge could have concluded that immediately after the rendition of the judgment in favor of appellees against appellant bank in 1934, appellees made an oral assignment and transfer of two-thirds of same to Mrs. Lyon, in consideration of and in payment of the jewelry that she loaned Mrs. Oppenheim for the purposes above stated; and that later, on May 25, 1936, two days after this suit was filed, by written assignment, appellees transferred two-thirds of the judgment to intervener, Mrs. Lyon, and one-third to the attorneys who had represented them in securing the judgment against appellant, in accordance with the oral assignments previously made. That at the time of negotiating the loan for which the jewelry of Mrs. Lyon was pledged as security, S. Oppenheim informed the vice-president of the bank, who handled the transaction, of the fact that the jewelry was that of Mrs. Lyon; that it was being loaned to his wife for the purpose of securing the loan, and that Mrs. Lyon would shortly furnish the money with which to take up the loan and secure the release of the jewelry; that within a few days after an installment became due on the loan, Mrs. Lyon sent an express money order for the purpose of taking up the loan; which appellant bank refused to accept and sold the jewelry. At the trial of the case, in which appellees recovered judgment for conversion of the jewelry, the cashier of appellant bank who handled the transaction was present and heard the pleadings read and the evidence adduced, to the effect that the jewelry belonged to Mrs. Lyon and had been loaned to Mrs. Oppenheim to aid her in getting a loan of $250 from appellant; and that Mrs. Lyon would take up the note and secure the return of her jewelry within 30 to 60 days. A photostatic copy of the express money order of Mrs. Lyon was introduced in evidence.

With regard to the knowledge of the cashier of appellant bank of Mrs. Lyon's interest at the time of the purchase of the judgment which the bank seeks to set off in this case, he testified as follows:

"Q. Mr. Hughes, you said in answer to one of Mr. Cofer's questions down there that if you heard these statements, which of course you did, you had forgotten them? A. That is correct.

"Q. That is what I understood you to say? A. I have forgotten them.

"Q. You say of course you heard them but you have forgotten them? A. I say I presume I did. I was present at the trial.

"Q. If you have heard them, which of course you did, according to your statement, you just didn't pay any attention to them? A. Forgotten about them.

"Q. You heard before you purchased that judgment up there about this check coming from Arkansas, didn't you? A. I had forgotten about it if I had.

"Q. And you heard the pleading read in which we said the property was S. R. Oppenheim's given to her by her sister for the purpose of hypothecating this loan. You had forgotten that, too? A. Naturally I had or I wouldn't have bought it."

■ It was stipulated at the trial in the instant case that appellant bank had paid the difference between the judgment recovered by the Oppenheims against it and the judgment it had purchased from Schaeffer & Company; and the testimony of appellees showed that two-thirds of that amount had been paid to intervener, Mrs. Lyon. Under the evidence adduced, the following rule of law as announced in 26 Tex.Jur. Sec. 645, p. 502, is applicable: "There is no doubt of the power of the courts, independent of any statute, to set off mutual judgments. But this power will be exercised only upon careful consideration of all the circumstances of the transaction out of which the judgments arose and in order to protect the rights of the parties, and when it involves no infringement on other rights of equal grade. Accordingly, the right of set-off will be denied where facts, external to the judgments themselves, make a set-off inequitable."

The following cases sustain the text: McManus v. Cash, etc., 101 Tex. 261, 108 S.W. 800; Cocke v. Wright, Tex.Civ.App., 23 S.W.2d 449; Davidson v. Lee, Tex.Civ. App., 162 S.W. 414; Dutton v. Mason, 21 Tex.Civ.App. 389, 52 S.W. 651.

■ Manifestly the evidence was sufficient to show that prior to the time appellant purchased the Schaeffer judgment, which it seeks to set off against the judgment of the Oppenheims against it, the Oppenheims had by oral assignment transferred the judgment to Mrs. Lyon and the attorneys who obtained it. It was her property which had been converted, and for conversion of which the judgment was rendered. Appellant had notice of the fact that the jewelry which it converted was the property of Mrs. Lyon at the time it bought the judgment which it seeks to set off against the judgment in favor of the Oppenheims against it. Under such circumstances the right of set-off should be denied because the facts show that the Oppenheims were unable to pay Mrs. Lyon for the jewelry and to permit appellant bank to offset it with the $600 judgment for which it paid only $125 would certainly be an infringement upon the rights of intervener, Mrs. Lyon, who was under the facts adduced in the trial of each case really the equitable owner of the judgment, and who also obtained an oral assignment of the judgment long prior to the time appellant obtained the assignment of the judgment which it sought to set off. These were facts external to the judgments themselves, and make the set-off inequitable because it would permit appellant bank to thus deprive the owner of the jewelry which it converted of its value to the extent of $600.

■ Appellant bank brings numerous propositions with regard to the admission of the evidence and to the insufficiency of the pleadings of appellees and intervener, which we have carefully examined and overruled. The trial court correctly tried the case upon its merits, and since the matter of the set-off of mutual judgments is a question of equitable remedy and is one which addresses itself to the sound discretion of the trial court, we find no reason for disturbing the judgment herein. 38 Tex.Jur. Sec. 8, p. 296.

The judgment of the trial court will be affirmed.

Affirmed.