**HARRIS et al. v. WARE.**

**SAME v. KEOUN.**

Nos. 1706, 2143.

Court of Civil Appeals of Texas. Waco.

Nov. 14, 1940.

W. L. Eason, of Waco, for appellants.
J. W. Spivey, of Waco, for appellee.

ALEXANDER, Justice.

In the above cause (No. 1706), T. H. Keoun, as executor of the estate of G. W. Ware, deceased, has filed in this court an original application to recall an execution for costs issued by the clerk of this court on the ground that the amount demanded under the execution is excessive.

The facts as shown by the sworn pleading and the records in this court are as follows: In 1934, G. W. Ware recovered a judgment in the 19th District Court in cause No. 32682 against Mrs. C. M. Harris and others for the sum of $1,000, with foreclosure of a certain lien. Upon appeal to this court, the judgment for debt was affirmed but the judgment for foreclosure of lien was reversed and foreclosure denied. Ware was adjudged to pay the costs of appeal. Harris v. Ware, Tex. Civ.App., 93 S.W.2d 598. The total costs of appeal then amounted to $181.05. This included an item of $141.50, previously paid by Mrs. Harris for the transcript and statement of facts. Both parties applied to the Supreme Court for writ of error but their applications were refused. Ware was adjudged by the Supreme Court to pay the sum of $8 incurred by him, and Mrs. Harris was adjudged to pay the sum of $10.35 incurred by her, as costs in the attempt to secure writs of error. Thereafter, Ware credited his judgment against Mrs. Harris with the sum of $141.50, that being the amount formerly paid by Mrs. Harris for transcript and statement of facts, and filed a new suit in the 19th District Court, being cause No. 33422, against Mrs. Harris and the sureties on her supersedeas bond on the previous appeal to collect his judgment of $1,000, less the credit of $141.50, which Ware had entered on the judgment. Ware recovered in that suit as prayed. The judgment was affirmed by this court and the Supreme Court refused writ of error. Harris v. Keoun, 135 S.W.2d 194. On October 11, 1940, the clerk of this court issued an execution against Ware and his estate for the collection of all the costs incurred on the appeal in said cause No. 32682, including the $141.50 previously paid by Mrs. Harris for the transcript and statement of facts and the sum of $10.35 incurred by Mrs. Harris in her appeal for writ of error in said original suit. Ware's executor insists that the execution should be recalled and that the two items last above mentioned should be excluded therefrom.

■ It is plain that the item of $10.35 incurred by Mrs. Harris in suing out her application for writ of error to the Supreme Court in the original suit should not have been included in the execution against Ware's estate. Those charges were expressly adjudged against Mrs. Harris by the Supreme Court and have never been adjudged against Ware or his executor by any court.

■ A little more difficult question arises concerning the item of $141.50 paid by Mrs. Harris for the transcript and statement of facts. This court, in reforming and affirming the judgment in the original suit, adjudged that Ware should pay this item. Thereafter, Ware undertook to offset this item by crediting his judgment against Mrs. Harris with the same amount. It appears, however, that a judgment debtor cannot, without the intervention of the court, offset the judgment of his judgment creditor with a judgment in his favor against the same party. Such intervention by a court is necessary in order that there may be an adjudication of the question of mutual liability and other equitable rights involved. 26 Tex.Jur. 502; Dallas Joint Stock Land Bank v. Lancaster, Tex.Civ. App., 122 S.W.2d 659, par. 1.

■ The record discloses, however, that in addition to crediting the judgment against Mrs. Harris with said sum of $141.50 by Ware, the trial court, in entering its judgment in the second suit, took said credit into consideration and deducted same from the amount of plaintiff's recovery. It is true that Ware did not pray for the offset but he introduced in evidence his judgment containing the credit, and the trial court expressly stated in the judgment that the offset was being allowed. Mrs. Harris made no complaint against the offset at that time. That judgment has never been set aside. It appears therefore that the offset has already been allowed by the trial court.

■ We are of the opinion that the trial court was the proper forum in which to have the offset adjudicated, notwithstanding the fact that the judgment in cause No. 32682 was affirmed by this court. This is so because the occasion for the offset or credit arose after the judgment had been affirmed in this court and because the trial court is better equipped with the facilities for determining the issues of fact, such as would be involved in such a hear-

ing. Perfection Rubber Co. v. Randle, 115 Tex. 576, 285 S. W. 1060. But if we be wrong in this and it should be held that this court is the proper forum in which to have the offset made, then we see no reason why it should not be so allowed at this time. The facts as heretofore stated are not controverted by Mrs. Harris. Both of the original judgments were affirmed by this court. The judgments and records accompanying them do not disclose any reason why one of the judgments should not be offset by the other. The judgments appear to be of equal standing and there is no diversity of ownership. No good reason is apparent why each of the parties should be required to pursue the circuitous route of collecting his judgment in full from the other when a simple credit entry will adequately settle the difference between them. We therefore hold that Mrs. Harris' claim for costs in the sum of $141.50 heretofore paid by her is and has been fully settled by the allowance of a credit for a like amount on Ware's judgment against her.

■ We are of the opinion that the execution issued by clerk of this court should be withdrawn and a new one issued for the proper amount. The writ has not been levied and hence no liens accruing by virtue of the levy thereof will be disturbed by recalling it. Jackson v. Finlay, Tex. Civ.App., 40 S.W. 427, 429. Since the execution issued out of this court, this is the proper forum in which to have it corrected.

■ Mrs. Harris contends that Ware's executor cannot demand recall of the execution until he has tendered the full amount actually due thereon. She cites a line of cases in which it is held that a judgment debtor is not entitled to enjoin the execution of a judgment so long as any part of the judgment is unpaid. Dallas Joint Stock Land Bank v. Lancaster, Tex. Civ.App., 122 S.W.2d 659, 661, par. 7. This is quite different from the question which we have before us. Certainly a party should not be allowed to enjoin the enforcement of a judgment so long as any part of it remains unpaid, but this is quite different from the right to have a particular execution withdrawn and corrected where it has been issued for an incorrect amount. 23 C.J. 539. While a judgment debtor should not be allowed to enjoin the enforcement of a judgment so long as any part of it remains unpaid, yet he should not be required to sit still and allow his property to be sacrificed on the auction block under an excessive or incorrect execution merely because he cannot tender the amount actually owing on the judgment.

The execution heretofore issued by the clerk is ordered withdrawn and credited with the item of $141.50, plus the item of $10.35 adjudged against Mrs. Harris in the writ of error proceedings.

■ Mrs. Harris filed a motion herein (Cause No. 2143) on the 4th of November, 1940, to set aside the judgment rendered by the trial court in cause No. 33422 on the ground that in order to secure such judgment Ware's executor introduced in evidence the judgment affirmed by this court in cause No. 32682 prior to the time of the issuance of the mandate out of this court. It is sufficient to say that that question was raised by Mrs. Harris in her appeal of the second suit, and while we did not write on the question, it was overruled by us and writ of error was refused. The question was therefore fully adjudicated upon the former appeal. The judgment in that case was finally determined by this court and a motion for rehearing overruled on January 4, 1940, and a writ of error refused on May 1, 1940. The term of court at which such proceedings occurred expired on October 7, 1940. This court is now without authority to set aside said judgment in response to a motion filed at a subsequent term of this court. R. S. art. 1816, Vernon's Ann.Civ.St. art. 1816; Gammel Statesman Pub. Co. v. Ben C. Jones & Co., Tex.Com.App., 206 S.W. 931.

Mrs. Harris' motion to vacate the judgment is therefore overruled.