SCHADLE ET AL. v. MILLER ET AL.

[No. 19,387. Filed December 11, 1959. Rehearing denied January 22, 1960. Transfer denied December 5, 1960 with opinion 170 N. E. 2d 662.]

*Trennepohl, Berger & Shoup,* of Angola, for appellants.

*Gerald Deller,* of Angola, for appellees.

MYERS, C. J.—This is an action brought by appellees against appellants to quiet title to certain real estate

in Steuben County, Indiana. Appellants filed their answer and a counterclaim in two paragraphs in which they sought to quiet their title as against appellees to a portion of the real estate described in appellees' complaint. Appellees and appellants submitted to the court their joint written agreement and stipulation of all the facts, signed by all the parties and their attorneys. There was no other evidence. The court found partially for appellees upon their complaint and partially for appellants upon their counterclaim and entered judgment quieting title accordingly, ordering that the costs be paid equally by appellants and appellees. Thereafter, a praecipe for the entire record of the proceedings was ordered by appellants for use on appeal. The transcript and assisgnment of errors were filed with the Clerk of the Supreme and Appellate Courts, followed by the filing of appellants' brief.

Appellees have moved this court to dismiss the appeal on the ground that appellants did not file in the trial court a motion for new trial or a motion to modify the judgment or "any preliminary motions required after trial, but before appeal, as by law made and provided."

Appellants contend that the agreement and stipulation was submitted to the trial court and treated by all concerned to be a complete statement of the facts in the case; that no other facts were introduced in evidence; that the issues were formed by the pleadings and submission to the court of the cause upon the agreed statement of facts; that it was the duty of the court to determine the law applicable to the facts agreed upon; that no motion for a new trial, nor other motion, was necessary after the court's determination and judgment. In other words, appellants claim that this was

an agreed case which the court decided pursuant to §§2-2201-3, Burns' Ind. Stat. (1946 Repl.).

Section 2-2201 gives the right to all parties, with or without process, to submit any matter of controversy to the proper court upon an agreed statement of facts signed by the parties. It must appear by affidavit (or by affirmation, Acts 1959, ch. 81, §1, p. 166; §2-1704, Burns' Ind. Stat. [1959 Supp.]) that the controversy is real and the proceedings brought in good faith, whereupon the court may try the case and render judgment as in other cases. Section 2-2202 provides that the record shall consist of the statement of the case, the submission and the judgment. A motion for a new trial is not necessary to bring the matter up on appeal. *Fisher* v. *Purdue* (1874), 48 Ind. 323; *Witz, Administrator* v. *Dale et al.* (1891), 129 Ind. 120, 27 N. E. 498; *Aubain* v. *United Brotherhood, etc.* (1917), 63 Ind. App. 636, 115 N. E. 78. A bill of exceptions is not necessary. *State ex rel. Osborn* v. *Eddington* (1935), 208 Ind. 160, 195 N. E. 92. Under the Rules of the Supreme Court, no exceptions to the decision of the trial court need be shown in the record. Rule 1-5. The only question on appeal is one of law as it arises upon the agreed facts. *Fisher* v. *Purdue, supra.*

Whether or not appellants' case falls within the provisions of this statute does not need to be determined by this court, for the reason that, whether the case was submitted pursuant to an agreed statement of facts or as an agreed case under the statute, this appeal must be dismissed.

An agreed statement of facts is not necessarily regarded as an agreed case. *Struble-Werneke Motor Co.* v. *Metropolitan Sec. Corp.* (1931), 93 Ind. App. 416, 178 N. E. 460. Where a stipulated set of facts is submitted, pleadings are required and

the trial is upon the issues raised by the pleadings. The facts are stipulated and agreed to instead of being proven by witnesses. On appeal the stipulation must be brought into the record by bill of exceptions, and a motion for a new trial is required to present error. *Aubain* v. *United Brotherhood, etc., supra;* Flanagan, Wiltrout and Hamilton, Indiana Trial and Appellate Practice, Vol. 2, §1761, p. 365. The transcript submitted by appellants in this case shows neither any bill of exceptions nor a motion for a new trial. If this case were one in which the issues were submitted upon an agreed statement of facts, the result would be decidedly against appellants.

There was no affidavit or affirmation that the controversy was real and the proceedings brought in good faith. However, let us, assume, without deciding, that the parties presented an agreed case and that the trial court treated the submission of the agreed statement of facts and acted upon it in such a way that a motion for a new trial was unnecessary after rendering final judgment, and that it would fall within the doctrine in the case of *Galesburg Coulter Disc Company* v. *Hunter* (1935), 208 Ind. 330, 196 N. E. 94. The question remains, Have appellants properly brought the matter before this court?

In their assignment of errors, appellants claim that the court erred in that the *facts and evidence* did not entitle appellees to have their title quieted. This ██ is merely an attack upon the judgment and an attempt to question the sufficiency of the evidence. These are not proper assignments of error, since the only question involved in an agreed case is one of law. The proper assignment of error was that the court erred in its conclusions of law. *Cleveland* v. *Palin* (1936), 209 Ind. 382, 199 N. E. 142; *Hawks et al.* v.

*The Mayor et al.* (1896), 144 Ind. 343, 43 N. E. 304; *General Asb. & Sup. Co.* v. *Aetna C. & S. Co.* (1935), 101 Ind. App. 207, 198 N. E. 813. Therefore, the assignment of errors presents no question as to the merits of the controversy.

Appeal dismissed.

NOTE.—Reported in 162 N. E. 2d 702. Transfer denied 170 N. E. 2d 662.