MINNE ET AL. *v.* CITY OF MISHAWAKA.

[No. 767S48. Filed September 17, 1968.]

*Paul J. Schwertley,* of South Bend, for appellants.

*R. Wyatt Mick, Jr.,* of Mishawaka, and *Joseph A. Roper* and *Chapleau, Roper, McInnery and Farabaugh,* of counsel, of South Bend, for appellee.

HUNTER, J.—This is an appeal from a civil action brought by appellee, the City of Mishawaka, Indiana, a municipal corporation. The action was instituted by a complaint for a declaratory judgment seeking a ruling by the trial court declaring the relative rights of the appellees and appellants under a prior judgment theretofore entered by the same court.

The central question involved in the controversy from which the prior judgment resulted was whether certain annexation ordinances that had been adopted by the Common Council of the City of Mishawaka, Indiana, were valid. Judgment was entered in that action and, subsequently, this action was filed seeking a declaration of the legal effect of that first judgment. This Court's jurisdiction to hear this appeal is grounded in Ind. Anno. Stat. § 4-214 (Repl. 1968), which grants the Supreme Court of Indiana jurisdiction to hear direct appeals in cases involving, *inter alia*, the validity of a municipal ordinance.

The facts alleged in the complaint for declaratory judgment are as follows:

At the inception of this controversy the Common Council of the City of Mishawaka adopted two annexation ordinances. Thereafter, a group headed by appellants Paul and Louise Minne filed a remonstrance and complaint against the City of Mishawaka and certain elected officials thereof contending that under the provisions of Ind. Anno. Stat. § 48-702, the annexation provided for in one of the ordinances should not take place. A group headed by appellants Roy and Celia Conner filed a similar remonstrance and complaint regarding the second annexation ordinance. These two causes were consolidated for trial in St. Joseph County Superior Court No. 2 and on December 18, 1963, said court entered decrees holding that certain portions of Ind. Anno. Stat. § 48-702, under which Minne and Conner groups were proceeding, were unconstitutional.

Ind. Anno. Stat. § 48-702 directs the trial court in which

a remonstrance and complaint regarding an annexation ordinance is filed to give judgment on the propriety of the ordinance in question by applying six determinants. Those six determinants would have the court declare the propriety of the ordinance by deciding whether:

"(a) The annexation is in the best interests of the city and of the territory sought to be annexed;

(b) The area is urban in character, being an economic and social part of the annexing city;

(c) The terms and conditions set forth in the ordinance are fair and just;

(d) The city is financially able to provide municipal services to the annexed area within the reasonably near future;

(e) The area sought to be annexed, if undeveloped, is needed for development of the city in the reasonably near future;

(f) The lines of the annexation are so drawn as to form a compact area abutting the municipality;"

The trial court's decree of December 18, 1963, held that parts (b) and (f) of the foregoing determinants were satisfied, but that, under the Indiana Constitution, a judicial officer is without power to rule upon parts (a), (c), (d) and (e) of the above determinants. The trial court was apparently of the opinion that these latter four determinants encompassed areas of legislative prerogative and could not be ruled upon by a judicial officer under Article 3, § 1 of the Constitution of Indiana.

After stating such holdings, however, the decree stated no conclusion as to the effect of the court's holding upon the validity or invalidity of the annexation ordinances in question. No appeal was taken from the original judgment.

Subsequently, after the time for appeal had passed, the present action was filed in the same court, seeking a declaration of the rights and status of the parties under the afore-

mentioned decree. In response to the complaint of appellees seeking a declaratory judgment, the appellants filed a demurrer, which was subsequently overruled.

Thereafter, a stipulation as to the facts was agreed upon by the parties, and the matter was submitted for decision upon the basis of that agreed statement of the facts. No other evidence was introduced, and appellants, defendants below, never filed an answer to the appellees' complaint.

Notwithstanding the failure of the appellants to file an answer, however, the trial court proceeded to consider the submitted stipulations, and entered judgment in favor of appellees. This was the proper procedure to follow in view of longstanding Indiana case law to the effect that where a defendant fails to answer a complaint and no objection or motion for default is raised by the plaintiff, the complaint will be considered to have been denied. *Hedges* v. *Mehring* (1917), 65 Ind. App. 586, 115 N. E. 433; *Kirkpatrick* v. *Alexander, Executor* (1877), 60 Ind. 95.

After examining the stipulation as to the facts, the trial court entered his declaratory judgment in favor of plaintiffs-appellees, holding that Ind. Anno. Stat. § 48-702 was not rendered void in its entirety by the court's prior ruling that four of the six determinants set out in that statute could not constitutionally be considered by a judicial officer. The court held further, that its prior finding that the remaining two determinants were satisfied required a declaration that the lands described in each of the two annexation ordinances in question were thereafter a part of the civil city of Mishawaka.

There are two assignments of error which appellants attempt to place before this Court for decision:

1. Error by the trial court in the overruling of appellants' demurrer to appellees' complaint.

2. Error by the trial court in its determination that Ind. Anno. Stat. §§ 48-701 and 48-702 are not unconstitutional in their entirety.

The appellees have filed with this Court a Motion to Dismiss this appeal, or in the alternative, to affirm the judgment below, due to the alleged failure of appellants to file a proper, complete transcript and proper briefs.

Concerning the first assignment of error, appellees claim that since appellant's demurrer and memorandum in support thereof are not set out in their brief, appellants have failed to present any question to this Court concerning the propriety of the trial court's ruling on the demurrer. There is ample authority in this State for the proposition that an appellant who complains of the trial court's ruling upon a demurrer waives the error by a failure to set forth said demurrer and the memorandum in support thereof in his brief. See, for example, *Flex Let Corporation* v. *Vogel* (1963), 134 Ind. App. 495, 186 N. E. 2d 696; *Larson et al.* v. *Town of Wynnedale et al* (1962), 133 Ind. App. 337, 179 N. E. 2d 578, reh. den., 133 Ind. App. 345, 180 N. E. 2d 386; 3 Wiltrout, Indiana Practice 394 (1967). However, all of that authority was developed prior to the adoption by this Court of amended Rule 2-17 of the Rules of the Supreme Court of Indiana.

Rule 2-17, in its present form, is intended to require an appellant to include in his brief only "a summary" of those matters which are "pertinent to the issues involved." Where an appellant is alleging on appeal that the trial court erred in overruling his demurrer to the appellee's complaint, he is no longer required to set forth in his brief the entire demurrer and memorandum in support thereof. He may summarize them for the Court and refer to the page and line of the transcript where they may be found.

The philosophy underlying Rule 2-17, as amended, is to allow this Court to be informed as to the issues at hand without unnecessarily having to wade through a morass of pleadings and testimony which are already contained in the transcript of the record. In compliance with that philosophy, it appears that the appellants have fully summarized the appel-

lees' complaint in their brief and have informed this Court that a demurrer to such complaint was filed, the grounds therefor, and the disposition thereof in the court below. Therefore, no proper grounds exist for dismissal of the appellant's appeal from the overruling of their demurrer.

On the merits of the demurrer, however, we believe that the court below was correct in its ruling. Where a pre-existing judgment is so unclear that an actual controversy exists between the parties as to their relative rights, status, and their legal relations under such judgment, the matter is a proper subject for an action for declaratory relief. *Baxter* v. *Baxter* (1964), 138 Ind. App. 24, 195 N. E. 2d 877. Therefore, that portion of the decision below over-ruling appellants' demurrer is affirmed.

Appellees have also moved to dismiss this appeal as to appellant's second allegation of error on the ground that the evidence upon which the trial court reached its conclusion is not properly before this Court for consideration. As noted earlier, this case was submitted to the trial court for decision upon a stipulation of facts, and it could only have been upon the basis of matters contained in that stipulation that the trial court reached its decision.

> "(W)here issues are joined in a case submitted for trial, either to a court or jury, upon an agreed statement of facts, a motion for a new trial is required to raise any question on appeal involving the evidence, and the agreed statement of facts must be made a part of the record by a bill of exceptions, and such record must affirmatively show that it contains all the evidence that was adduced on the trial of the cause." *Aubain* v. *United Brotherhood of Carpenters and Joiners of America* (1917), 63 Ind. App. 636, 638, 115 N. E. 78. See also, *Schadle* v. *Miller,* (1959), 131 Ind. App. 298, 162 N. E. 2d 702.

In this case, the stipulation of facts and the exhibits which were referred to therein have not been properly brought into

this record by a bill of exceptions. Therefore, we are precluded from rendering any opinion on appellants' second allegation of error since such an opinion would require a consideration of the stipulation of the facts. See *Miller* v. *Wabash Fire and Casualty Ins. Co.* (1963), 135 Ind. App. 381, 193 N. E. 2d 917 and cases cited therein. As to appellants' second assignment of error, therefore, this appeal must be dismissed.

In so holding, we feel it necessary to specifically state that we express no opinion whatsoever as to the correctness of the trial court's holding regarding the constitutionality of Ind. Anno. Stat. § 48-702 (1963 Repl.), or any clause or clauses thereof.

For the reasons discussed above, this case is affirmed in part and dismissed in part.

Lewis, C. J., and Arterburn, J., concur.

Jackson, J., concurs in result.

Mote, J., not participating by reason of his untimely death.

NOTE.—Reported in 240 N. E. 2d 56.