KOLAN *v.* CULVEYHOUSE.

[No. 20,759. Filed March 26, 1969.]

*Lucas, Clifford & Wildermuth,* by *James A. Holcomb,* and *Ezra H. Friendlander* all of Gary, for appellant.

*Spangler, Jennings, Spangler & Dougherty,* by *Vitold Reey, Jon F. Schmoll,* of Gary, for appellees.

CARSON, J.—Upon considering appellant's petition for rehearing, based upon our Supreme Court's decision in *Minnie v. City of Mishawaka* (1968), 251 Ind. 166, 240 N. E. 2d 56, we now supersede our opinion of November 12, 1968, reported in 241 N. E. 2d 375, as follows:

On June 25, 1963, appellant filed in the office of the Recorder of Lake County, Indiana, a written notice of his intention to hold a lien on appellees' real estate to secure the payment of "labor and work done, and materials furnished". On October 19, 1963, appellant filed this action in the Lake Superior Court to foreclose a mechanic's lien. Appellees filed a motion for change of venue and the cause was transferred to the Porter Circuit Court, from which this appeal is taken. In the Porter Circuit Court, appellees filed a motion to reconsider the ruling on the demurrer and upon further consideration, that court sustained the demurrer. Upon appellant's failure to plead, judgment was entered for appellees.

Following the entering of the court's judgment, the appellant filed an assignment of errors which read as follows:

"1. That the Court erred in sustaining Appellees' Demurrer to Appellant's Amended Complaint.

"2. That the Court erred in granting Appellees' Motion To Reconsider Ruling on Demurrer.

"3. That the Court erred in overruling Appellant's Motion to Strike all of Appellees' Motion to Reconsider a Ruling on Demurrer."

Those facts, alleged in appellant's complaint, which must be considered as true, for purposes of the demurrer, are as follows: that appellant is (was) a building contractor and appellee owned real estate in Lake County, Indiana; that in May of 1962, appellant orally agreed with appellees to draw plans for the building of a home; that the parties agreed the plans drawn by appellant would be used in the event the appellant built the home for appellees as general contractor; that appellees did not hire appellant as general contractor

to build the home, but, in building the home, used those plans which appellant had drafted, without appellant's consent.

Appellant, in the argument portion of his brief has failed to support assigned errors 2 and 3 with cogent argument and citation of authority and the same are waived under the provisions of Rule 2-17, Rules of the Supreme Court of Indiana.

The ground of appellees' demurrer is the insufficiency of the facts stated in the complaint, in that "appellant failed to allege that he was a professional engineer and/or a registered architect" and that said allegation is a condition precedent to recovery.

It is appellant's contention that the plans and specifications drawn are "work and labor performed" within the meaning of § 1, of the Acts of 1909, ch. 116, as amended; being Burns' Ann. Stat., § 43-701. Appellees contend application of the Acts of 1929, ch. 62, § 1, *et seq.*, as amended; being Burns' Ann. Stat., § 63-101, *et seq.*

With appellees, we agree. Burns' Ann. Stat., § 63-117, provides a comprehensive definition of "the practice of architecture", and which clearly includes those actions of appellant, herein. Burns', § 63-115, in part, provides that:

"No person who shall engage in the practice of architecture as defined in this act [§§ 63-101—63-128], without having first registered in accordance with the provisions of this act, shall have any right to maintain any suit, either at law or in equity, founded upon any claim, legal or equitable, involving the practice of architecture, whether arising out of contract or tort, in any court in this state."

The mechanic's lien law gives *registered architects* the right to a lien. Acts of 1945, ch. 148, § 1; being Burns' Ann. Stat., § 43-714.

There are exceptions to the "Architects' Acts", embodied in Burns' Ann. Stat., § 63-118. However, there are no facts

252

alleged in appellant's complaint nor are there any inferences to be drawn from the facts stated, to bring appellant under any of the exceptions.

In conclusion, we feel that the specific provisions of the "Architects Act" control in this instance and under the provisions of that act, appellee's demurrer to appellant's complaint, was properly sustained.

Judgment affirmed. The costs are taxed against the appellant.

Lowdermilk, P. J., Cooper and Sullivan, JJ., concur.

NOTE.—Reported in 245 N. E. 2d 683.