**Raymond G. BEADLE, Individually and d/b/a the Blue Max, Blue Max and Blue Max, Inc.; RGB Investments, Inc.; Blue Max, Inc.; and Blue Max Racing, Inc., Appellants,**

v.

**BONHAM STATE BANK, Appellee.**

No. 06–94–00015–CV.

Court of Appeals of Texas, Texarkana.

Argued May 24, 1994.

Decided June 9, 1994.

Rehearing Denied July 6, 1994.

Robert H. Westerburg, McCorkle & Westerburg, P.C., Dallas, for appellants.

William Riley Nix, Jr., Sherman, for appellee.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

## OPINION

BLEIL, Justice.

Raymond G. Beadle, individually and d/b/a The Blue Max, Blue Max and Blue Max, Inc.; RGB Investments, Inc.; Blue Max, Inc.; and Blue Max Racing, Inc. appeal from a declaratory judgment holding that Bonham State Bank is entitled to offset one subsisting judgment against another. The critical question on appeal is whether Bonham has a right to declaratory relief setting off mutual final judgments. We resolve this question in favor of appellants and reverse and render. We also determine that the trial court erred in overruling appellants' motion to transfer venue to Dallas County.

In January 1991, Bonham filed suit against appellants in North Carolina to recover on four promissory notes and several guaranty agreements. Concurrently, Bonham sued appellants and Chaparral Trailers, Inc. in the 191st District Court of Dallas County on the same notes and guaranties. In connection with the Texas lawsuit, Bonham obtained a writ of sequestration for collateral located in Texas, posted a replevy bond of $75,000.00, and took possession of and sold the collateral securing the promissory notes.

A default judgment awarding Bonham approximately $1.65 million was entered in the North Carolina suit in December 1991. That default judgment was filed for enforcement in the 162nd District Court of Dallas County. In February 1992, the 191st District Court entered judgment in favor of the appellants and Chaparral Trailers. Because that case was decided against Bonham State Bank, the court awarded $75,000.00 to appellants and Chaparral Trailers for the value of the property replevied. TEX.R.CIV.P. 709.

In April 1993, Bonham filed this suit for declaratory relief in Fannin County and asked the trial court to declare that the bank was entitled to offset the Texas judgment of $75,000.00 for wrongful sequestration against the balance due on the North Carolina judgment, now domesticated in Texas. *See* TEX. CIV.PRAC. & REM.CODE ANN. § 37.001, et seq.

(Vernon 1986 & Supp.1994) (Uniform Declaratory Judgments Act). Appellants filed a motion to transfer venue to Dallas County, which was denied. The trial court granted Bonham's motion for summary judgment and entered a declaratory judgment on equitable grounds holding that Bonham is entitled to offset the amount of the judgment it owed appellants against the amount of the judgment appellants owed it.

■ Appellants contend that the bank's right to a setoff of the two prior judgments is not a proper subject matter for declaratory relief because it allows a third court to override, modify, and interpret the judgments of other district courts. They argue that generally a declaratory judgment cannot be used for the purpose of asking a trial court to interpret a prior judgment entered by that or any court, *citing Cohen v. Cohen*, 632 S.W.2d 172, 173 (Tex.App.—Waco 1982, no writ); and *Speaker v. Lawler*, 463 S.W.2d 741, 742–43 (Tex.Civ.App.—Beaumont 1971, writ ref'd n.r.e.).

■ The purpose of the Uniform Declaratory Judgments Act (UDJA) is to settle and afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations. TEX.CIV.PRAC. & REM.CODE ANN. § 37.002 (Vernon 1986). An action for declaratory judgment is neither legal nor equitable, but is *sui generis*, i.e., the only one of its kind, peculiar. *Texas Liquor Control Bd. v. Canyon Creek Land Corp.*, 456 S.W.2d 891, 895 (Tex.1970).

■ The entry of a declaratory judgment rests within the sound discretion of the trial court. *United Interests, Inc. v. Brewington, Inc.*, 729 S.W.2d 897, 905 (Tex.App.—Houston [14th Dist.] 1987, writ ref'd n.r.e.). The trial court may grant a declaratory judgment when it would serve a useful, beneficial purpose. *Id.* at 906. If a declaratory judgment will terminate the uncertainty or controversy giving rise to the lawsuit, the trial court is duty-bound to declare the rights of the parties as to those matters upon which the parties join issue. *Public Util. Comm'n v. City of Austin*, 728 S.W.2d 907, 910 (Tex. App.—Austin 1987, writ ref'd n.r.e.).

■ It is helpful to view the statute setting out what is proper subject matter for declaratory relief. Section 37.004 of the UDJA provides:

(a) A person interested under a deed, will, written contract, or other writings constituting a contract or whose rights, status, or other legal relations are affected by a statute, municipal ordinance, contract, or franchise may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status, or other legal relations thereunder.

(b) A contract may be construed either before or after there has been a breach. TEX.CIV.PRAC. & REM.CODE ANN. § 37.004 (Vernon 1986). Nothing in this section tends to specifically indicate that the meaning or construction of final judgments of Texas courts is a proper subject of declaratory relief. While declaratory relief is not appropriate to attack or modify a prior judgment, Bonham here seeks only to clarify its rights under existing judgments.

Whether or not declaratory relief is appropriate for interpreting judgments seems to be an open question. There is a split of authority in the nation over the use of declaratory judgments to interpret previous judgments, but several cases from other states have approved such use under the Uniform Declaratory Judgments Act, which Texas adopted with some changes. *See Meeks v. Town of Hoover*, 286 Ala. 373, 240 So.2d 125 (1970); *Avery Freight Lines v. White*, 245 Ala. 618, 18 So.2d 394 (1944); *Minne v. City of Mishawaka*, 251 Ind. 166, 240 N.E.2d 56 (1968); *National–Ben Franklin Fire Ins. Co. v. Camden Trust Co.*, 21 N.J. 16, 120 A.2d 754 (1956). We decline to hold that the interpretation of a judgment cannot properly be the subject of declaratory relief under appropriate circumstances.

Bonham, however, does not forcefully argue that it does not understand its rights or obligations under the judgments. Bonham does not seek an interpretation of the judgments. Its primary argument is that it wants relief from its obligation by way of an offset. Neither do we perceive that there is

any question or uncertainty about the rights or status of the parties to the actions in which the final judgments exist. An entire section in the Rules of Civil Procedure defines precisely the rights or status of parties. *See* TEX.R.CIV.P. 621–656 (governing enforcement of judgments). We conclude that the trial court abused its discretion in granting declaratory relief because there is no uncertainty about the parties' rights or status.

■ We further address the venue question in the event that our holding, as set out above, is determined to be erroneous. The appellants complain that the trial court erred in overruling their motion to transfer venue to Dallas County. The Uniform Declaratory Judgments Act has no special venue provisions; venue for a declaratory judgment action is governed by the rules relating to civil actions generally. *Stiba v. Bowers,* 756 S.W.2d 835, 837 (Tex.App.—Corpus Christi 1988, no writ); *Citizens Nat'l Bank v. Cattleman's Prod. Credit Ass'n,* 617 S.W.2d 731, 734 (Tex.Civ.App.—Waco 1981, no writ). The general venue statute provides that proper venue is where the cause of action accrued or where the defendant resides if the defendant is a natural person. TEX.CIV.PRAC. & REM.CODE ANN. § 15.001 (Vernon 1986).

■ On appeal from a trial on the merits, if venue is improper it shall be harmful error. TEX.CIV.PRAC. & REM.CODE ANN. § 15.-064(b) (Vernon 1986). We are obliged to conduct an independent review of the entire record to determine whether venue was proper in the ultimate county of suit. *Ruiz v. Conoco, Inc.,* 868 S.W.2d 752, 758 (Tex. 1993). We view the record in the light most favorable to the trial court's ruling. *Id.* If there is probative evidence to support the trial court's determination that venue was proper in the county where judgment was rendered, even if the preponderance of the evidence is to the contrary, the appellate court should defer to the trial court. *Id.*

Bonham asserts that venue is proper in Fannin County because that is where at least part of the cause of action accrued. *See* TEX.CIV.PRAC. & REM.CODE ANN. § 15.001 (Vernon 1986), § 15.036 (Vernon Supp.1994). Bonham bases this assertion on the idea that if appellants pay the balance still owing on the first judgment it would do so by sending payment to Bonham's principal place of business, which is located in Fannin County. Bonham further suggests that if appellants seek to enforce the Texas judgment, it would have to seek a writ of execution on property belonging to the bank, which again would be located in Fannin County. Neither judgment specifies where payment of the judgment is to be made.

■ A cause of action accrues when facts come into existence which entitle one to institute and maintain a suit. *General Motors Acceptance Corp. v. Howard,* 487 S.W.2d 708, 710 (Tex.1972). Prospective or anticipated events, such as the future satisfaction of the mutual judgments at issue here, do not fall within this definition. The cause of action created by the mutual judgments accrued when the second judgment was entered *in Dallas County.* That is when the parties became both judgment debtors and judgment creditors and when the issue of a setoff of the parties' rights and liabilities under the two judgments arose. There is no probative evidence to support the trial court's decision that venue was proper in Fannin County. The trial court erred in denying the motion to change venue.

The judgment is reversed and judgment here rendered that the Bonham State Bank be denied the relief sought.

GRANT, Justice, concurring.

I see no reason to get hogtied and squeamish over whether the trial court could set off mutual judgments. Texas courts have been doing this long before I was born. *See Simpson v. Huston,* 14 Tex. 476 (1855); *Citizens Industrial Bank v. Oppenheim,* 118 S.W.2d 820 (Tex.Civ.App.—Austin 1938, writ dism'd); *Pierson v. Farmers' State Guaranty Bank,* 206 S.W. 730 (Tex.Civ.App.—San Antonio 1918, no writ); *Davidson v. Lee,* 162 S.W. 414 (Tex.Civ.App.—Galveston 1913, no writ); *Dutton v. Mason,* 52 S.W. 651 (Tex. Civ.App.1899, no writ).

As the majority opinion states, Bonham State Bank's "primary argument is that it wants relief from its obligation by way of an offset." The rule is well established in Texas

that the courts, independent of statute, have the power to set off mutual judgments. *Simpson*, 14 Tex. 476. There is certainly a justiciable controversy before the court as to the rights and status of the parties under the existing judgments. State courts should provide a proper forum for resolving this disputed matter.

Judicial intervention is necessary in order that there may be an adjudication of the question of the mutual liability and equitable rights involved. *Harris v. Ware*, 144 S.W.2d 647 (Tex.Civ.App.—Waco 1940, no writ). A judgment debtor cannot, without the intervention of a court, offset a judgment with the judgment in his or her favor against the same party. *Harris*, 144 S.W.2d 647. This is an equitable remedy, and the court should not retrogress to Old English law when choosing the technically right action was paramount over justice.

As I understand it, the majority opinion is telling the bank to take its case to Dallas, where the Dallas court will not be allowed to do anything. I agree with the majority that venue would be appropriate in Dallas County where Beadle obtained its judgment against Bonham State Bank, but we do not need to be telling the trial court that it does not have the power to set off mutual judgments.